JAMES J. DONAGHY *vs.* FREDERICK MACY & others.

Bristol.    October 26, 1896. — November 24, 1896.

Present: HOLMES, MORTON, LATHROP, & BARKER, JJ.

*City — New Bedford Fire Department — Validity of Ordinance — Repeal —
Contract.*

Under St. 1852, c. 177, authorizing the city council of New Bedford to establish a fire department for the city, the powers of the council are not exhausted by the adoption of an ordinance fixing the time of election and term of certain officers of the department, but it may subsequently adopt another ordinance repealing the first one, and changing such time and term.

A city council, which has elected an officer of the fire department of the city for a term of four years under an ordinance then in force, providing that he may be removed for cause, may during his term repeal such ordinance and elect another person to the office for a term of two years by a new ordinance, providing that the first election under it shall be for two years and the subsequent elections for four years.

PETITION, filed June 17, 1896, for a writ of mandamus to Frederick Macy, chief engineer, and Loring T. Parlow, Allen W. Tinkham, and William A. Gibbs, assistant engineers of the fire department of New Bedford, and to Edward F. Dahill.

The petition alleged that the petitioner, under the ordinances of the city of New Bedford, was, on January 1, 1894, duly elected to the office of second assistant engineer of the fire department by the city council for the term of four years ending in January, 1898, and he thereupon was duly qualified and entered upon the duties of the office; that ever since his election he had faithfully discharged all the duties pertaining to his office, and was still ready to perform the duties thereof; that under the ordinances he was entitled to hold the office, and to receive the emoluments thereof, until the expiration of his term, unless " removed for cause by concurrent vote of the two branches of the city council"; that no charges had ever been made against him, and he had never been removed for any cause by such concurrent vote; that on February 13, 1896, the city council adopted an ordinance, providing, among other things, that in the month of April, 1896, there should be chosen by the city council in convention a second assistant engineer for the term of two years, removable for cause by concurrent vote of the two branches of the city council, and repealing the chapter of the ordinances under which the petitioner was elected to his office; that in pursuance of the ordinance of February 13, 1896, the city council, in convention, on April 23, 1896, proceeded to ballot for a second assistant engineer of the fire department for the term of two years, and, upon a ballot having been taken, the respondent Dahill was declared elected, and thereafter entered upon the duties of that office; and that ever since April 23, 1896, the respondents Macy, Parlow, Tinkham, and Gibbs had refused to recognize the petitioner as second assistant engineer of the fire department, and to allow him to perform the duties pertaining to his office, claiming that he had been removed from that office, and had failed and refused to notify him of the meetings of the board of engineers of the fire department, and taken from his house the gong which had been placed therein to notify him of fire alarms, and recognize and purpose to continue to recognize the respondent Dahill as second assistant engineer of the fire department, to the total exclusion of the petitioner, and to his great loss and damage.

The prayer of the petition was that the respondents Macy, Parlow, Tinkham, and Gibbs might be compelled to permit the

petitioner to 'act as a member of the board of engineers of the fire department, and to discharge the duties of second assistant engineer of the department until the end of his term of office; and that the respondent Dahill might be ordered to refrain from acting as such second assistant engineer during the term of office for which the petitioner was lawfully elected.

The respondents demurred to the petition, assigning several grounds of demurrer, and also filed an answer thereto. Hearing before *Knowlton*, J., who reported the case for the consideration of the full court; such order to be made therein as law and justice might require.

*E. D. Stetson*, for the respondents.

*T. F. Desmond*, for the petitioner.

HOLMES, J. On January 1, 1894, under the ordinances then in force, the petitioner was duly elected to his office for the term of four years, ending in January, 1898. Ordinances of 1882, c. 11, § 4. In 1896 this ordinance was repealed, and a new ordinance was adopted, which, so far as it affects the present case, is like the old one, except that the time of election is April instead of January, and the first election under it is for two years, ending in 1898. After that the elections are for four years. The petitioner suggests a doubt whether the powers of the city council were not exhausted by one exercise, so that the second ordinance is void, and argues that, however that may be, inasmuch as by § 5 of the earlier ordinances he was removable for cause, he could not be removed otherwise, but had a contract with the city which no more could be avoided by a repeal of the ordinance than by a more direct attempt to remove him without cause.

We have no doubt that the city council had power to pass the second ordinance. St. 1852, c. 177. It is not necessary to resort to the words "from time to time," in § 1, to convince us that the powers given by that section were not exhausted by a single exercise. This being so, we think that the respondent Dahill lawfully fills the office created by the later ordinance, and, even if it were true that the petitioner has a contract which binds the city, we should hesitate long before requiring the city to keep the earlier created office open for the purpose of specifically performing it. We should be much more likely to leave the petitioner to his remedy by action.

But we know of no decision in this Commonwealth that the petitioner has a contract which binds, or purports to bind, the city to keep him in his office after the office shall have been abolished lawfully, except for the contract. It is going a long way to say that there was any contract, however qualified, to continue the petitioner in office during his term, or to accept the corollary that the petitioner had not a right to resign whenever he saw fit. But the notion that an appointment for a term under an ordinance providing that the officer shall be removable for cause, without more, is a contract that the office shall be kept up for the term irrespective of the public welfare, seems to us to go beyond any possible view, and to be contrary to such decisions as we have seen which bear upon the point. *Butcher* v. *Camden*, 2 Stew. (N. J.) 478, 480, 481. *Love* v. *Jersey City*, 11 Vroom, 456. *Hoboken* v. *Gear*, 3 Dutch. 265. *Augusta* v. *Sweeney*, 44 Ga. 463. *Waldraven* v. *Memphis*, 4 Coldw. 431. *Marden* v. *Portsmouth*, 59 N. H. 18. *Brazil* v. *McBride*, 69 Ind. 244, 256. *Conner* v. *New York*, 2 Sandf. 355 ; *S. C.* 1 Seld. 285. Dillon, Mun. Corp. (4th ed.) § 231 ; see § 232, note 1.

It is not to be presumed that the repeal of the ordinance was a mere device to get rid of the petitioner, and the petition does not allege such a case. *Petition denied.*