JAMES H. REYNOLDS *vs.* THOMAS P. McDERMOTT.

Middlesex.    April 2, 1928.— June 16, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, & WAIT, JJ.

*Civil Service.   Lowell.   Municipal Corporations,* Officers and agents, Plan B charter.

*It seems,* that a superintendent of waterworks, appointed by the board of public service of the city of Lowell under St. 1921, c. 383, § 30, Parts 3, 4, 5, previous to November 9, 1926, was not the head of a department, but was a subordinate officer exercising his duties under the supervision of superior officers, and he could not be superseded or discharged by the administrative heads of the department except in accordance with the civil service rules.

The city of Lowell had the power, when exercised in good faith under G. L. c. 43, § 5, to adopt an ordinance, the effect of which was to abolish the administrative offices provided for in St. 1921, c. 383, § 20, and to erect in place thereof departments with administrative heads appointed by the mayor and confirmed by the city council for a defined term.

Upon the adoption by the city of Lowell on November 9, 1926, of an ordinance entitled "Ordinance to abolish the office of the board of public service and transfer the powers and duties heretofore vesting in said board," and upon the appointment of a superintendent of waterworks by the mayor and his qualification for the office, one previously ap-

pointed superintendent of waterworks under St. 1921, c. 383, § 30, Parts 3, 4, 5, ceased to hold office and could not maintain a petition for mandamus to compel recognition of his right to hold office: he was not entitled to a hearing before the ordinance could be legally adopted or to a review of the legality of the ordinance on an appeal before a district court, or to the benefit of the civil service laws.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on March 18, 1927, seeking a writ of mandamus commanding the respondent to cease interfering in any manner with the petitioner in the performance of the duties of the office of superintendent of waterworks of the city of Lowell, and to cease attempting to perform the duties of that office.

The petition was heard by *Crosby*, J.    Material facts are stated in the opinion.    The single justice ordered the petition dismissed and reported the action to the full court for determination.

*E. J. Tierney,* (*P. J. Reynolds* with him,) for the petitioner.

*M. G. Rogers,* (*J. P. Donahue* with him,) for the respondent.

PIERCE, J.    This is a petition for mandamus commanding the respondent to cease interfering in any manner with the petitioner in the performance of the duties of the office of superintendent of waterworks of the city of Lowell, and to cease from attempting to perform the duties of that office. The case was submitted to a single justice of this court upon the petition, answer, and an agreement as to facts.    The justice ordered the petition dismissed as matter of law and, at the request of the petitioner, reports the case for determination to the full court.

The petitioner, in 1924, was examined by the civil service commission and was certified as one eligible for appointment to the position of superintendent of waterworks of the city of Lowell.    In December, 1924, he was appointed to the position by the board of public service in accordance with the provisions of St. 1921, c. 383, § 30, Parts 3, 4 and 5.    Previous to this appointment the petitioner, since July 12, 1920, had been assistant superintendent of the waterworks of Lowell, which was classified under the civil service laws.

The city of Lowell is governed by Plan B charter and St.

1921, c. 383, in so far as the latter chapter is not inconsistent with G. L. c. 43 and with such ordinances as have been passed by the city council of the city of Lowell pursuant to G. L. c. 43, § 5.  St. 1921, c. 383, § 20, so far as material reads: "There shall be the following administrative officers, who shall perform the duties prescribed by law or by ordinance, and such further duties, not inconsistent with the nature of their respective offices or with the general law, as the city council may prescribe, except as otherwise provided herein: . . . a board of public service consisting of three members." The make up, the nomination, the confirmation, the terms of service and the compensation of the members of the board of public service are provided for in St. 1921, c. 383, § 30, Part 1.  Part 2 of said section provides that the board shall choose a chairman, and appoint a city engineer "whom they may remove for cause deemed by them sufficient." Part 3 of said section provides that the board shall appoint and remove for cause which they may deem sufficient a superintendent of street and sewer work; that "They shall appoint and remove for cause which they may deem sufficient a superintendent of water works, who shall have charge, under the direction of the board of public service and city engineer, of the water works of the city." Part 4 of said section provides that the board shall have the general direction through executive officers of all assistants, clerks and laborers.  Part 5 of said section provides: "The aforesaid executive officers shall be appointed for unlimited terms, but may be removed by a majority vote of the board for cause which it may deem sufficient."

St. 1921, c. 383, § 38, so far as material, provides that "Administrative heads of departments, boards and commissions shall have the power to appoint and employ and to suspend or discharge all subordinate officers and employees in their respective departments, subject to civil service regulations, and laws relating thereto, and shall cause to be kept in their respective departments a record subject to public inspection of all persons appointed or employed therein, and of all persons suspended or discharged, and in case of suspension or discharge the reason therefor."

G. L. c. 31, § 5, so far as material, reads: "No rule made by the board [of civil service] shall apply to the selection or appointment of any of the following . . . officers whose appointment is subject to confirmation by the executive council, or by the city council of any city . . . heads of principal departments of the Commonwealth or of a city . . . and such others as are by law exempt from the operation of this chapter." Section 50 of c. 31 reads: "Nothing in this chapter shall repeal, amend or affect any special provision of law relative to any city or town, or extend to any city or town any provision of law to which it is not now subject."

G. L. c.43, § 5, reads: "Until superseded under this chapter, the organization of the executive and administrative departments, and the powers and duties of the officers and employees of any city adopting any of the plans provided for in this chapter, and the fiscal year of such city shall remain as constituted at the time of the adoption of such plan; but the city council or other legislative body may at any time by ordinance, consistent with general laws, reorganize, consolidate or abolish departments in whole or in part; transfer the duties, powers and appropriations of one department to another, in whole or in part; establish new departments; and increase, reduce, establish or abolish salaries of heads of departments or members of boards. This section shall not authorize any action in conflict with chapter thirty-one." Section 60 of c. 43 reads: "Upon the adoption of Plan B, all heads of departments and members of municipal boards, except the school committee, officials appointed by the governor, and assessors if elected by the people, as their terms of office expire, shall be appointed by the mayor, subject to confirmation by the city council; but the city solicitor shall be appointed, and may be removed, by the mayor, without confirmation by the city council. This section shall apply to the city solicitor in office when Plan B becomes operative."

The board of public service performed the duties of their office until the passage of an ordinance by the city of Lowell on November 9, 1926. The ordinance is entitled "Ordinance to abolish the office of the board of public service and transfer the powers and duties heretofore vesting in said

board," and provides in part as follows: § 1. "The Board of Public Service heretofore established by the provisions of Section 30, Chapter 383, Acts of 1921, is hereby abolished. All the powers, rights, duties and liabilities heretofore vesting in and imposed upon said Board are transferred as hereinafter set forth"; § 3. "There is hereby created the following administrative offices . . . Department of Water Works . . . . The Superintendent of Water Works shall be the administrative officer who shall have charge and direction of the Department of Water Works"; § 4. "All the powers, rights, duties and liabilities Heretofore vesting in and imposed upon the Board of Public Service . . . in relation to the Department of Water Works, all the powers, rights, duties and liabilities as vested in the Commissioner of Water Works and Fire Protection, on the 31st day of December, 1921 . . . are hereby transferred to and imposed upon the Superintendent of Water Works. . . . the present Superintendent of Water Works, shall . . . administer the duties of . . . the department of Water Works, as . . . [such] duties are herein defined until . . . [his successor is] appointed and qualified as provided herein"; § 5. "The mayor of the City of Lowell, shall upon this ordinance taking effect appoint a . . . Superintendent of Water Works, whose . . . [term] shall expire on the first Monday of January, 1927, or until . . . [his successor is] duly appointed and qualified. . . . [the appointment] shall be subject to confirmation by the City Council. The Mayor . . . shall on the first Monday of January, 1927, appoint a . . . Superintendent of Water Works. . . . [the] appointment shall be subject to confirmation by the City Council. . . . [He] to . . . hold office for a term of three years from the said first Monday in January, 1927, and upon each three years thereafter the Mayor shall appoint such . . . [officer] with such like confirmation"; § 6. "Any and all ordinances inconsistent herewith are hereby repealed."

Upon the passage of this ordinance, the petitioner on November 12, 1926, sent the mayor and city council a letter, a copy of which reads: "I herewith notify you that under the provisions of chapter 31 of the General Laws, I claim the

right of a hearing upon the attempted abolishment of my civil service position of superintendent of water works by reason of the passage of an ordinance entitled 'Ordinance to abolish the Office of Board of Public Service and transfer the Powers and duties heretofore vesting in said Board', passed by the City Council, November 9, 1926: and I respectfully request such hearing. Without waiving or prejudicing any rights which I may have under the law, I will continue to carry on the duties of superintendent of water works as formerly, together with any added duties provided by said ordinance." Thereafter, and up to the time of the taking over of the office of superintendent of waterworks of the city of Lowell by the respondent, the petitioner continued to perform all the duties of said office. On March 15, 1927, the respondent was appointed by the mayor to the position of superintendent of waterworks "pursuant to the provisions of law made and provided"; he was duly confirmed by the city council and was sworn to the faithful performance of his duties by the city clerk. "It is agreed by the parties that neither prior to the passage of said ordinance as set forth in petition, nor at any other time was the plaintiff notified of the proposed action of the city council of the city of Lowell, nor was he furnished with any statement in writing of any reason for his removal from said office, nor was he given a public hearing, nor were any charges preferred against him. It was further agreed that within three days after the passage of the aforesaid ordinance the plaintiff notified the mayor and city council of the city of Lowell of his attitude as hereinbefore set forth."

It was contended by the petitioner before the single justice, and it is now argued before this court, that the position of superintendent of waterworks in the city of Lowell was a civil service position under G. L. c. 31, § 3, and that it is classified by the civil service commission under class 1, section 1, rule 4; *Attorney General* v. *Trehy*, 178 Mass. 186, 188; and that, as he was appointed under the provisions of G. L. c. 31 and was enjoying the office under the provisions of the civil service laws of the Commonwealth, the ordinance above quoted was invalid because it was not within the power of

the city council of the city of Lowell to abolish the position of superintendent of waterworks of the city of Lowell or to make provision for the appointment of any person to discharge the duties of said office contrary to the provisions of G. L. c. 31; and that the appointment by the mayor and the confirmation by the city council of the respondent to said position were null and void. The petitioner then and now further contends that he was not accorded the protection of G. L. c. 31, § 43; while the respondent contended, and now argues, that the petitioner was not the holder of an office or employment within the meaning of the statute.

It was and is the contention of the respondent that the petitioner was appointed by the board of public service in accordance with St. 1921, c. 383, § 30, Parts 3, 4 and 5, as an officer whose term of office was unlimited but who could be removed by the board for cause which they deemed sufficient; citing *O'Dowd* v. *Boston,* 149 Mass. 443, 445; *Lacy* v. *Selectmen of Winchendon,* 240 Mass. 118, 120; *Bailen* v. *Assessors of Chelsea,* 241 Mass. 411, 414; that the civil service commission was without authority to examine, classify or certify under the rules and regulations of the civil service commission a position as defined in St. 1921, c. 383, § 30, Parts 3, 4 and 5; that the ordinance of November 9, 1926, abolishing the board of public service and transferring its powers and duties was valid, and by the passage of the ordinance the positions of executive officers went with the board; that the respondent was appointed, confirmed and qualified in a legal manner and is the lawful holder of the office.

Under St. 1921, c. 383, § 20, the administrative officer in charge of the water department in 1926 was the board of public service. Under § 30, Part 3 of that chapter, the board of public service had power to appoint a superintendent of waterworks to have charge of the waterworks of the city under the direction of the board and of the city engineer. It is plain under this appointment the superintendent was not the head of a department, but was a subordinate officer exercising his duties under the supervision of superior officers. It is manifest the "executive officers" appointed by the board of public service under § 30 Part 4 for an unlimited term

were but subordinate officers and that they could not be suspended or discharged by the administrative heads of the departments to which they were appointed except in accordance with the civil service rules. The petitioner, as against the public service board acting under St. 1921, c. 383, § 30, Part 3, and § 38, was entitled to the protection afforded an employee under G. L. c. 31, § 43.

The city of Lowell, however, had the power, when exercised in good faith under G. L. c. 43, § 5, to adopt an ordinance, the effect of which would be to abolish the administrative offices provided for in St. 1921, c. 383, § 20, and erect in place thereof departments with administrative heads appointed by the mayor and confirmed by the city council for a defined term. It is quite immaterial that the titles given to the heads of the departments were like those which attached to holders of subordinate positions under appointments by the abolished administrative officer — the board of public service. The petitioner under the civil service law, G. L. c. 31, § 43, and under the regulations of the civil service commission, had no right to have his appointment continued at the expense of public welfare; nor under § 43 had he a right to a hearing before the ordinance could be legally adopted or to a review of the legality of the ordinance on an appeal before a district court. It is not alleged in the petition, and it cannot be presumed, that the adoption of the ordinance was a mere device to get rid of the petitioner. *Donaghy* v. *Macy,* 167 Mass. 178. *Graham* v. *Roberts,* 200 Mass. 152, 157.

*Order denying petition affirmed.*