BARTLETT CULLEN *vs.* MAYOR OF NEWTON & another.

Middlesex.    December 3, 1940, March 10, 1941. — April 4, 1941.

Present: FIELD, C.J., QUA, DOLAN, & RONAN, JJ.

*Civil Service.    Police Officer.*

An ordinance passed in good faith by the legislative branch of a city, abolishing a single civil service office in the police department as a measure of economy, was invalid where it was passed without the notice, hearing and other procedure specified in G. L. (Ter. Ed.) c. 31, § 42A.

In a city in which the creation and abolition of offices in the police department was vested in the board of aldermen, the hearing required by G. L. (Ter. Ed.) c. 31, § 42A, as a preliminary to abolition of such an office should be held by that board, although the statute stated that the hearing should be "before the officer or board having power of appointment and removal" and such power was not vested in the board of aldermen.

PETITION, filed in the Supreme Judicial Court for the county of Middlesex on July 19, 1939, for a writ of mandamus.

The case was heard by *Donahue, J.*

*F. X. Hurley*, for the petitioner.

*W. G. Guernsey*, for the respondents.

RONAN, J. This is a petition for a writ of mandamus to compel the mayor and chief of police of Newton to reinstate the petitioner as sergeant-mechanic in the police department

of that city.  The petitioner had held this position (which is classified under the civil service rules) from shortly after it was created by ordinance in 1929 until July 1, 1939, when, as a result of an amendment to this ordinance eliminating among the positions in the police department "one sergeant-mechanic," effective on July 1, 1939, the petitioner was notified by the chief of police that he was no longer a member of the department.  The single justice found the facts as stated in the auditor's report and, subject to the exceptions of the petitioner, dismissed the petition but not as a matter of discretion.

The petitioner contends that the board of aldermen was not acting in good faith in passing the ordinance which purported to abolish the petitioner's office in the police department, and that the office could not be abolished without notice to the petitioner and a hearing being granted him.

The auditor found that the aldermen who voted in favor of the amendment abolishing the office of sergeant-mechanic acted in good faith and as they believed for the best interest of the city as a measure of economy.  He also found that the measure was not enacted "as a mere device for getting rid of the petitioner."  After determining the motives which actuated each member of the board of aldermen who voted in favor of abolishing the petitioner's office, the auditor found that the members were materially influenced by the facts that the bulk of the repair work of the automotive equipment of the police department was done by a civilian employee;  that all the work could be done by one man, who need not be a police officer;  that the purchasing of materials should be done under the supervision and responsibility of the chief of police;  and that, consequently, the services of the petitioner were unnecessary and could be dispensed with in the interests of economy.

The petitioner contends that his office in the police department could not be abolished by an ordinance until he had been given notice of the proposed action and had been accorded a hearing.  G. L. (Ter. Ed.) c. 31, § 42A, provides that "Every police officer holding an office classified under the civil service rules . . . shall hold such office

continuously during good behavior and shall not be removed . . . nor shall his office be abolished, except after a full hearing of which he shall have at least seventy-two hours' written notice, with a statement of the reasons for the contemplated removal . . . or abolition of office, and except upon a written order stating fully and specifically the causes therefor made after a hearing."

The Legislature may create a public office, other than one created by the Constitution, provide for the election or appointment of its incumbent, establish and modify from time to time its tenure, compensation and duties, and abolish the office as the public interest may require. *Taft* v. *Adams*, 3 Gray, 126, 130. *Williams* v. *New Bedford*, 303 Mass. 213. *Dodge* v. *Board of Education of Chicago*, 302 U. S. 74. *Higginbotham* v. *Baton Rouge*, 306 U. S. 535, 538. Similar power may be conferred upon cities in reference to municipal offices. The city charter of Newton, St. 1897, c. 283, § 14, vests ample power in the board of aldermen to create and abolish offices in the police department. *Chandler* v. *Lawrence*, 128 Mass. 213. *Donaghy* v. *Macy*, 167 Mass. 178. *Williams* v. *New Bedford*, 303 Mass. 213. But the civil service laws, which in their present form appear in G. L. (Ter. Ed.) c. 31, were intended to be of general application to cities and towns, and have been held to be amendments to any provisions of city charters that were inconsistent with them. *Logan* v. *Mayor & Aldermen of Lawrence*, 201 Mass. 506. *Cassidy* v. *Transit Department of Boston*, 251 Mass. 71. It was within the province of the Legislature to determine the method by which one occupying an office in the classified service could be separated from the public service. A municipal officer or body in proceeding to accomplish such a result was bound to comply with the statute. *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174. *McKenna* v. *White*, 287 Mass. 495. *Farrell* v. *Mayor of Revere*, 306 Mass. 221. The instant statute, G. L. (Ter. Ed.) c. 31, § 42A, expressly provides that the office of a police officer shall not be abolished unless the officer shall have been given notice and a hearing upon such proposed action if he so requests. This is in further-

ance of the general purpose of civil service laws, which were enacted to free public servants from political pressure and arbitrary separation from the public service but not to prevent the removal of those who have proved to be incompetent or unworthy to continue in the public service. *Garvey* v. *Lowell*, 199 Mass. 47. *Whitney* v. *Judge of the District Court of Northern Berkshire,* 271 Mass. 448. But the legislative branch of a municipality has the power and duty in the interest of economy to remove those whose services are no longer required and to abolish offices no longer necessary. *Yunitz* v. *Chelsea,* 270 Mass. 179. *Alger* v. *Justice of the District Court of Brockton,* 283 Mass. 596. *Selectmen of Milton* v. *Justice of the District Court of East Norfolk,* 286 Mass. 1. *Whalen* v. *First District Court of Eastern Middlesex,* 295 Mass. 305. And the general power in the legislative department of the city may be exercised in good faith by eliminating unnecessary offices within the classified service without notice or a hearing to the incumbent in the absence of a statute requiring such notice and hearing. Offices and positions included within G. L. (Ter. Ed.) c. 31, § 43, may in some instances be abolished by the enactment of an ordinance and without any notice or a hearing to the persons who are thereby separated from the public service. *Reynolds* v. *McDermott,* 264 Mass. 158. *McNeil* v. *Mayor & City Council of Peabody,* 297 Mass. 499. This is true although § 45, which provides for judicial review for those who are affected by proceedings under § 43, includes one whose office or position has been abolished. It has been held that the executive or administrative abolition of the position of one who came within the provisions of § 43 was in effect a removal from his position, and that the failure of the officer who abolished the position to grant the incumbent a hearing entitled the latter to reinstatement. *Lowry* v. *Commissioner of Agriculture,* 302 Mass. 111. Moreover, the words "or whose office or position is abolished" appearing in § 45 provided a review of the proceedings taken under G. L. c. 31, § 26, where the office or position of a veteran had been abolished, until this last mentioned section was repealed by St. 1925, c. 220, § 1,

and these words, since the amendment of § 46 of this chapter by St. 1934, c. 249, § 1, grant a review of proceedings under this section where the office or position of a prison official or employee has been abolished. There is, therefore, an appropriate field for the operation of the provision in § 45 granting a review of proceedings arising out of the abolition of an office or position, even though § 43 makes no mention of such abolition.

This case does not fall within the general principle illustrated by *Alger* v. *Justice of the District Court of Brockton*, 283 Mass. 596, 601, *Selectmen of Milton* v. *Justice of the District Court of East Norfolk*, 286 Mass. 1, 5–7, and *Fortin* v. *Chicopee*, 301 Mass. 447, 448–449.

The statutory restriction limiting the exercise of the power to abolish an office or position to a particular method is but an application of the familiar principle that the general authority inherent in a municipal officer or board can be asserted only in the specific manner designated by the Legislature. *United States Drainage & Irrigation Co.* v. *Medford*, 225 Mass. 467. *Bay State Street Railway* v. *Woburn*, 232 Mass. 201. *Simpson* v. *Marlborough*, 236 Mass. 210. *Conners* v. *Lowell*, 246 Mass. 279. *Leroy* v. *Worcester Street Railway*, 287 Mass. 1. *Goodyear Park Co.* v. *Holyoke*, 291 Mass. 11. *Eastern Massachusetts Street Railway* v. *Mayor of Fall River*, *ante*, 232.

The absence of a hearing invalidated the ordinance purporting to abolish the petitioner's position even though the board of aldermen acted in good faith. *Thomas* v. *Municipal Council of Lowell*, 227 Mass. 116, 118. *Peckham* v. *Mayor of Fall River*, 253 Mass. 590, 592.

The statute, G. L. (Ter. Ed.) c. 31, § 42A, expressly gives a police officer the right to notice and a hearing before his office is abolished (*Dunn* v. *Commissioner of Civil Service*, 279 Mass. 504, 509), and requires that such notice furnish him with the reasons for the contemplated abolition and requires, after the hearing, a written order signed by the board or officer holding the hearing stating fully and specifically the causes therefor. This statute applies to the "removal, suspension, transfer, lowering in rank or

compensation, or abolition of office," and provides that the hearing shall be "before the officer or board having power of appointment and removal."[1] Such a board or officer would be the appropriate one to determine questions of removal, suspension or transfer which are matters of such a nature as would ordinarily come within the scope of their authority. But the power to create and abolish offices in police departments in nearly all our cities, including the city of Newton, is conferred by charter upon the legislative branch of the city governments. *Cassidy* v. *Transit Department of Boston*, 251 Mass. 71, 75. Consequently, a strict construction of the words describing the board or officer before whom the hearing is to be had, if considered alone, would render the statute inoperative and ineffectual in such cities. "Barrenness of accomplishment cannot be imputed to the legislative department of government." *Flood* v. *Hodges*, 231 Mass. 252, 257.

The requirement of a written order abolishing the office by the board or officer holding the hearing necessarily implies that the hearing is to be held before a board or officer empowered to abolish the office which, in this instance, is the board of aldermen. The statute ought to be construed, if reasonably possible, so as to effectuate its beneficent aim of affording genuine protection to a police officer by preventing the abolition of his office without notice and a hearing. The words describing the board or officer who shall conduct the hearing may be given their appropriate meaning by construing them as applying to such a board or officer when acting upon a matter which is fairly included within the power of appointment or removal of a police officer but such words cannot be extended to grant to such a board or officer power to hear and determine a matter which is by law conferred upon another body. A literal construction of these words ought not to be adopted where such a construction would not be consistent with the other material provisions of the statute and would de-

---

[1] The city charter, St. 1897, c. 283, § 26, provides that "all appointments in the police and fire departments shall be approved by the mayor, who shall also have the power of removal in said departments." — REPORTER.

feat the apparent aim and object of the legislative act. *Somerset* v. *Dighton,* 12 Mass. 383. *Staniels* v. *Raymond,* 4 Cush. 314. *Woodbury* v. *Freeland,* 16 Gray, 105. *Brown* v. *Pendergast,* 7 Allen, 427. *Wall* v. *Platt,* 169 Mass. 398. *Moore* v. *Stoddard,* 206 Mass. 395. *Fickett* v. *Boston Firemen's Relief Fund,* 220 Mass. 319. *Commissioner of Banks in re Prudential Trust Co.* 244 Mass. 64. *Swift* v. *Registrars of Voters of Quincy,* 281 Mass. 271. *MacInnis* v. *Morrissey,* 298 Mass. 505. *Frye* v. *School Committee of Leicester,* 300 Mass. 537. *Commissioner of Corporations & Taxation* v. *Bristol County Kennel Club, Inc.* 301 Mass. 27. *Commissioner of Corporations & Taxation* v. *Dalton,* 304 Mass. 147.

*Exceptions sustained.*