## KENNETH P. GAMACHE vs. MAYOR OF NORTH ADAMS & another.[1]

Berkshire. June 16, 1983. — December 22, 1983.

Present: DREBEN, KAPLAN, & WARNER, JJ.

*Police,* Termination of Employment. *Municipal Corporations,* Police, Officers and employees. *Practice, Civil,* Summary judgment. *Waiver. Estoppel.*

When a city, by an administrative reorganization, abolished the position of chief of police, the incumbent's failure to file in a timely manner his consent under G. L. c. 31, § 39, to be demoted to the next lower position of captain extinguished his right as a tenured civil service employee to elect the demotion, and his subsequent employment in the position of captain could not revive this right, either on the theory that the city had waived compliance with the statute or that an estoppel had been created against the city and its mayor. [292-294]

Assuming that a judge had the power on his own initiative to order entry of full summary judgment against a party moving for partial summary judgment, this court concluded that he did not have adequate basis to do so where the parties had been given neither the right to file affidavits on questions not raised by the motion for partial summary judgment nor a hearing on the matter of full summary judgment. [294-296]

CIVIL ACTION commenced in the Superior Court Department on December 30, 1981.

The case was heard by *Morse,* J., on a motion for summary judgment.

*Edward W. Pepyne, Jr.,* for the plaintiff.

*John F. Rogers* for the defendants.

WARNER, J. In 1981 the city of North Adams (city) approved a plan of reorganization under which the police, fire and other city departments were replaced by a department of public safety headed by a commissioner and a deputy

---

[1] The city of North Adams.

commissioner; the plan was effective as of July 1, 1981. On May 19, 1981, the mayor of the city notified the plaintiff, who had been a tenured civil service employee in the city's police department since 1956, that the position of chief of police which he then held was abolished by the plan. The plaintiff, on May 27, 1981, gave notice that he consented to a demotion to captain of police, the next lower title to chief. See G. L. c. 31, § 39. Thereafter the mayor appointed the plaintiff a captain, and he served in that capacity until his discharge on December 9, 1981. In the Superior Court the plaintiff sought a judgment ordering the mayor to reinstate him as a captain of police, effective as of the date of his discharge, or, in the alternative, ordering the mayor to appoint him to the position of deputy commissioner of public safety, as of the effective date of the abolition of the position of chief of police. On the plaintiff's motion for partial summary judgment, full summary judgment was rendered against the plaintiff. See Mass.R.Civ.P. 56(a) & (c), 365 Mass. 824 (1974). On appeal, the plaintiff argues that there was error in entering judgment against him on the issues raised in his motion for partial summary judgment; and that the judge abused his discretion in treating the case, sua sponte, as one for full summary judgment.

1. We address first the entry of judgment against the plaintiff on the issues raised in his motion for partial summary judgment. The plaintiff concedes that the notice in which he consented to a demotion to captain (G. L. c. 31, § 39) was filed one day late. See *Iannelle* v. *Fire Commr. of Boston,* 331 Mass. 250 (1954). He argued in the Superior Court, and in this court, that the defendants "waived" the requirement of timely notice by appointing and employing him as a captain from July 1 to December 9, 1981. The plaintiff agrees that his claims to entitlement to the position of captain, raised in his motion for partial summary judgment, turn on a favorable ruling on the question of waiver. Although the plaintiff argues using the term "waiver," it may be, although it is not entirely clear, that he seeks to invoke the doctrine of estoppel; we shall consider both doc-

trines. The judge found that there was no factual basis to support a waiver by the defendants of timely notice. While the question whether there has been a waiver is ordinarily one of fact, *St. John Bros. Co.* v. *Falkson,* 237 Mass. 399 (1921), we conclude as matter of law that there was no waiver. "Waiver is the intentional relinquishment of a known right." *Moss* v. *Old Colony Trust Co.,* 246 Mass. 139, 150 (1923). General Laws c. 31, § 39, created a right in the plaintiff, viz., to accept a demotion under certain circumstances in lieu of separation from employment on account of the abolition of his position. The statute gives no concomitant right to the city. Compare *Cashman* v. *Boston,* 190 Mass. 215, 219 (1906); *Savignano* v. *Gloucester Housing Authy.,* 344 Mass. 668, 671 (1962). Even if it be assumed that the city had some right under the statute, we think there could be no waiver. The exercise of the right to demotion almost always impinges upon the status of others, as it did here. To permit ad hoc determinations by appointing authorities of waiver of the time limitation in G. L. c. 31, § 39, might politicize the process and would be otherwise contrary to the purposes of the civil service laws. See *Alger* v. *Justice of the Dist. Court of Brockton,* 283 Mass. 596, 598 (1933); *Debnam* v. *Belmont,* 388 Mass. 632, 635 (1983). What was said in *Cullen* v. *Mayor of Newton,* 308 Mass. 578, 580 (1941), is particularly apt here: "[T]he civil service laws . . . were intended to be of general application to cities and towns, and have been held to be amendments to any provisions of city charters that were inconsistent with them. It was within the province of the Legislature to determine the method by which one occupying an office in the classified service could be separated from [or demoted in] the public service. A municipal officer or body in proceeding to accomplish such a result was bound to comply with the statute" (citations omitted). Looked at another way, we think that the time within which demotion may be elected under G. L. c. 31, § 39, is an integral part of the right, and that the failure to file timely the required notice extinguishes the right. See *Old Colony R.R.* v. *Assessors of Quincy,* 305

Mass. 509, 511-512 (1940); *New Bedford Gas & Edison Light Co.* v. *Assessors of Dartmouth,* 368 Mass. 745, 748 (1975).

"In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm and that the other knew or had reasonable cause to know that such consequence might follow. But the doctrine of estoppel is not applied except when to refuse it would be inequitable." *Boston & Albany R.R.* v. *Reardon,* 226 Mass. 286, 291 (1917). *Corea* v. *Assessors of Bedford,* 384 Mass. 809 (1981). Generally, the doctrine of estoppel is not applied against the government in the exercise of its public duties, or against the enforcement of a statute. See *DiGloria* v. *Chief of Police of Methuen,* 8 Mass. App. Ct. 506, 516 (1979), and cases cited. Fatal in this case to any claim of estoppel is the absence in the record of any showing that the plaintiff did anything different from what he otherwise would have done and was thereby harmed in reliance on any conduct of the defendants. Indeed, the plaintiff derived substantial benefits from the actions of the defendants. See *Weiner* v. *Boston,* 342 Mass. 67, 70 (1961); *DiGloria* v. *Chief of Police of Methuen, supra.*

The plaintiff's reliance on *Chartrand* v. *Registrar of Motor Vehicles,* 345 Mass. 321 (1963), and 347 Mass. 470 (1964), is misplaced. Those cases involved the revocation by the appointing authority of a lawful discharge of a civil service employee.

2. The plaintiff argues that the judge abused his discretion in granting full summary judgment for the defendants on the plaintiff's motion for partial summary judgment. Thus, the plaintiff says, the judge should not have entered judgment on his alternative claims to the position of captain, by virtue of an alleged contract with the city, or to the position of deputy commissioner of public safety, on the basis of the alleged equivalence of that position and that of chief of police. See *Reynolds* v. *McDermott,* 264 Mass. 158,

Gamache *v.* Mayor of North Adams.

165 (1928); *Cambridge Housing Authy.* v. *Civil Serv. Commn.,* 7 Mass. App. Ct. 586, 589 (1979). The plaintiff's motion for partial summary judgment was considered by the judge on the complaint and attachments, the answer, the plaintiff's memorandum and attachments, and the defendants' memorandum, which was directed only to the issues raised in the plaintiff's motion. No affidavits were filed; there were no discovery materials. On April 13, 1982, the judge issued a memorandum and order in which he found no genuine issue of material fact on the matters raised in the plaintiff's motion, and ruled that summary judgment should enter for the defendants on those counts of the complaint which depended upon the issues so raised. Further, the judge stated that it did not appear to him that there was a genuine issue as to any material fact, and indicated he was prepared to enter full summary judgment for the defendants. The judge then gave the parties "leave within ten days to file a motion for leave to file appropriate affidavits as to any factual issue that requires trial." The parties were also directed to file proposed forms of judgment within ten days. See Mass.R.Civ.P. 58(a), as amended, 371 Mass. 908 (1977). The plaintiff timely filed a motion for relief from the order and for leave to file affidavits on the issues which his motion for partial summary judgment did not address. The motion did not state the substance of any proposed affidavit, nor was any affidavit attached. No action was taken on the plaintiff's motion. (The defendants' motion for leave to file an affidavit was allowed; the affidavit filed has no bearing on the questions before us.) On May 5, 1982, judgments were entered for the defendants on all counts of the complaint.

In the circumstances we assume that the judge had the power, sua sponte, to enter full summary judgment, provided that the parties had sufficient notice of his intention to do so, opportunity to submit affidavits, and a right to be heard on the matter. See *Bowdidge* v. *Lehman,* 252 F.2d 366 (6th Cir. 1958); *Herzog & Straus* v. *GRT Corp.,* 553 F.2d 789 (2d Cir. 1977). Compare *Choudhry* v. *Jenkins,*

559 F.2d 1085 (7th Cir.), cert. denied, 434 U.S. 997 (1977); *Capital Films Corp.* v. *Charles Fries Productions,* 628 F.2d 387, 391 (5th Cir. 1980). See also 10A Wright & Miller, Federal Practice and Procedure § 2720, at 27-28 (2d ed. 1983); 6 Moore's Federal Practice par. 56.12, at 338-339 (2d ed. 1983). Here the parties were given sufficient notice of the judge's intention to enter full summary judgment. However, they should have been given the right to file affidavits on the questions not raised by the plaintiff's motion for partial summary judgment. The plaintiff's motion for leave to file affidavits on those questions complied with the judge's order (although it would have been better practice to state the substance of the proposed affidavits or to attach affidavits to the motion). There was no action on that motion, and there was no hearing. Moreover, the only relevant materials the judge had before him were the pleadings, which consisted of simple allegations and denials. From the woefully inadequate record presented to us, it appears that he did not even have before him the ordinance which created the department of public safety. We think that there was an inadequate basis upon which to enter summary judgment on the contract claim and on the claim to the position of deputy commissioner of public safety. See Mass.R. Civ.P. 56(e), 365 Mass. 825 (1974); *Herzog & Straus* v. *GRT Corp., supra; Community Natl. Bank* v. *Dawes,* 369 Mass. 550, 553-556 (1976).

3. The judgments are vacated. The case is remanded to the Superior Court where (1) an appropriate partial summary judgment shall be entered consistent with part 1 of this opinion; and (2) further consideration may be given to the entry of summary judgment on the questions not raised in the plaintiff's motion for partial summary judgment, after the parties have been given sufficient time for the filing of relevant affidavits and other materials, and after a hearing.

*So ordered.*