The plaintiff, Gerald T. MacCurtain, was formerly employed by defendant Law Offices of Leonard Y. Nason, P.C. (law office), which is controlled by defendant Leonard Y. Nason. An employment agreement obligated the law office to pay the plaintiff a percentage of settlement fees from cases he brought to the firm. The plaintiff was paid accordingly until the defendants refused to pay the fee percentage for settlements generated by the plaintiff but awarded after he had terminated his employment with the law office. In consequence, the plaintiff filed suit for breach of contract. The defendants now appeal from a summary judgment in favor of the plaintiff. We affirm the portion of the judgment against the law office but reverse the portion of the judgment against Nason in his individual capacity.
Discussion. "We review a grant of summary judgment de novo." Deutsche Bank Natl. Trust Co. v. Fitchburg Capital, LLC, 471 Mass. 248, 252-253 (2015). The issue on appeal is "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to judgment as a matter of law." Molina v. State Garden, Inc., 88 Mass. App. Ct. 173, 177 (2015), quoting from Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991).
1. Breach of contract. The interpretation of a contract and the determination of ambiguity in its terms are questions of law. See Balles v. Babcock Power Inc., 476 Mass. 565, 571 (2017). As in this case, an "ambiguity is not created simply because a controversy exists between [the] parties." Indus Partners, LLC v. Intelligroup, Inc., 77 Mass. App. Ct. 793, 795 (2010), quoting from Suffolk Constr. Co. v. Lanco Scaffolding Co., 47 Mass. App. Ct. 726, 729 (1999). Rather, "we look both to the contested language and to the text of the contract as a whole" to determine whether the contract is ambiguous. Balles, supra at 572. "When the words of a contract are clear, they must be construed in their usual and ordinary sense." Brigade Leveraged Capital Structures Fund Ltd. v. PIMCO Income Strategy Fund, 466 Mass. 368, 374 (2013), quoting from General Convention of the New Jerusalem in the United States of America, Inc. v. MacKenzie, 449 Mass. 832, 835 (2007). In that case, the words "alone determine the meaning of the contract." EventMonitor, Inc. v. Leness, 473 Mass. 540, 549 (2016), quoting from Merrimack Valley Natl. Bank v. Baird, 372 Mass. 721, 723 (1977).
In pertinent part here, the employment agreement provides that the plaintiff "will receive twenty percent of the net settlement of any employee/plaintiff case that [he] bring[s] into the office."[3] There is nothing in this language or elsewhere in the agreement that conditions payment of the fee percentage on the plaintiff's continued employment with the law office. The mere fact that the usual and ordinary sense of the terms "salary" and "benefits" implies they would cease at termination does not change the usual and ordinary sense of the provision at issue here, nor make the agreement hopelessly ambiguous. Contrast Perini Corp. v. Massachusetts Port Authy., 2 Mass. App. Ct. 34, 40 (1974) (dispute arising out of "hopeless ambiguity" in contract language). Accordingly, we need not consider further evidence, see EventMonitor, Inc., 473 Mass. at 549, regardless of the defendants' claims or unexpressed intentions otherwise.[4] See Winchester Gables, Inc. v. Host Marriott Corp., 70 Mass. App. Ct. 585, 593 (2007).
Moreover, even if any ambiguity existed, it would be construed against the defendants as the drafters of the agreement. See Ajemian v. Yahoo!, Inc., 83 Mass. App. Ct. 565, 577 (2013). The defendants could have included terms making payment of the fee percentage contingent on continued employment, but they did not do so. See Merrimack College v. KPMG LLP, 88 Mass. App. Ct. 803, 806-807 (2016). As a result, "[w]e see no reason to add those terms now." Ajemian, supra.
Instead, because the plain meaning of the agreement is clear and unambiguous, it "must be interpreted and applied on its own terms." Central Ceilings, Inc. v. Suffolk Constr. Co., 91 Mass. App. Ct. 231, 235 (2017). There is no dispute that the plaintiff generated the cases from which the fees at issue were paid and he was not compensated in accordance with the agreement. Even viewing these facts most favorably to the defendants, see Molina, 88 Mass. App. Ct. at 177, the plaintiff is entitled under the agreement to the fees awarded by the motion judge.
2. Individual liability. A judge "may enter full summary judgment sua sponte when presented with a motion for partial summary judgment, so long as the parties have 'sufficient notice of his intention to do so, opportunity to submit affidavits, and a right to be heard on the matter.' " Glidden v. Zoning Bd. of Appeals of Nantucket, 77 Mass. App. Ct. 403, 409 n.9 (2010), quoting from Gamache v. Mayor of N. Adams, 17 Mass. App. Ct. 291, 295 (1983). The plaintiff brought this action against both the law office as a professional corporation and Nason individually. The defendants then answered with the affirmative defense that Nason cannot be personally liable under the agreement because he did not act in his individual capacity. Contrast Saggese v. Kelley, 445 Mass. 434, 445 (2005) (waiving defense against individual liability where, "at no time during the trial did the individual defendants attempt to show that they acted in a representative capacity only").[5] The plaintiff's motion for summary judgment was directed against only the law office -- and not against Nason individually. There was thus no need to address the issue. Indeed, Nason's personal liability was never raised (or even mentioned) in the motion or its supporting memorandum, nor did Nason ever receive notice that the issue should be addressed on summary judgment.
It is fundamental that a judgment against one defendant cannot be bootstrapped to one against another without sufficient reason. Here, however, the motion judge decided the merits of the entire case against both defendants without hearing or considering a defense dispositive to one. See McCrea v. Flaherty, 71 Mass. App. Ct. 637, 646 (2008) (grant of full summary judgment for plaintiff improper because judge failed to consider additional dispositive issues raised by defendants). Given that Nason's individual liability -- of which he had no reason to know was at stake -- hinged entirely on a legal defense unexplored by the parties, we conclude "there was here 'an inadequate basis upon which to enter summary judgment' in favor of the plaintiff[ ]." See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 648, quoting from Gamache, 17 Mass. App. Ct. at 296.
Conclusion. We affirm the portion of the judgment against the law office. We reverse the portion of the judgment against Nason in his individual capacity and remand the case for further proceedings.
So ordered.
Affirmed in part; reversed in part and remanded.

The parties agree the fee percentage was later increased from twenty to twenty-five percent.

At oral argument, the defendants included an additional claim that "net settlement" was ambiguous. That argument was not raised in the opposition to summary judgment nor was it briefed on appeal; the defendants cannot rely on it now. See Moronta v. Nationstar Mort., LLC, 88 Mass. App. Ct. 621, 626 n.12 (2015) ("We do not address arguments raised for the first time on appeal").

The defendants did not waive the defense by failing to move to amend the judgment of the trial court. There is no requirement to move pursuant to Mass.R.Civ.P. 59(e), 365 Mass. 827 (1974), prior to appeal to preserve an issue. See Liberty Square Dev. Trust v. Worcester, 441 Mass. 605, 610 (2004) ("When a party's rights on a prior ruling have already been preserved, that party is not required to raise the same issue again in a rule 59 [e] motion").