NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

25-P-473                                            Appeals Court

IN THE MATTER OF THE ESTATE OF MONTANA JASIUL.


No. 25-P-473.

Middlesex.     February 10, 2026. – April 10, 2026.

Present:  Blake, C.J., Meade, & Tan, JJ.


Uniform Probate Code.  Will, Testamentary capacity.
    Conservator.  Notice.  Probate Court, Notice.  Practice,
    Civil, Summary judgment.



    Petition filed in the Middlesex Division of the Probate and
Family Court Department on August 8, 2023.

    The case was heard by Terri Klug Cafazzo, J., on a motion
for summary judgment.


    Juliet A. Davison (Timothy F. Robertson also present) for
Michael T. Dwyer.
    Travis C. Jackson for Katherine Boschi & others.


    BLAKE, C.J.  In this will contest, we consider whether

summary judgment was improvidently granted where the judge

relied on grounds not raised by the moving parties, thereby

denying the nonmoving party a meaningful opportunity to be

heard. We conclude that it was and therefore vacate the decree of dismissal.

Background. Montana Jasiul died on May 31, 2023, at the age of eighty-five. At the time, Jasiul had one daughter, Rosalie Lalicata (whom Jasiul had given up for adoption), and, as relevant here, a niece, Katherine Boschi; and a nephew, Armand Boschi; as well as numerous cousins.

Attorney Michael T. Dwyer prepared a will (2015 will), durable power of attorney, and health care proxy, all of which Jasiul executed on October 21, 2015. The 2015 will named two family members, Maria Boschi and Vincent Colaiuta, as personal representative and successor personal representative.[1]

In November 2019, a petition for conservatorship of Jasiul was filed in the Probate and Family Court by Somerville-Cambridge Elder Services, Incorporated, as it appeared Jasiul had been the victim of a lottery scam. The medical certificate filed with the petition stated that Jasiul had moderate impairment to her memory and cognitive functioning. Attorney Frank Frisoli was appointed temporary and then permanent conservator of Jasiul. The conservator decree incorporated a

---

[1] Devisees under the 2015 will included Genevieve Cremaldi Fahy, Vincent Colaiuta, Joseph Boschi, Richard Boschi, Rosemary Boschi, Catherine Cremaldi, Maria Boschi, Katherine Boschi, Toni Trio, Giovanni Daluz, Rose Fahy, Iris Fahy, Rosalie Lalicata, and Diane Heald.

stipulation that provided, among other things, that an independent psychiatric evaluation of Jasiul would be scheduled "to assess her ability to . . . execute a [w]ill to establish an estate plan"; it also permitted Jasiul to manage her rental properties and expenses.

On May 4 and 20, 2020, Jasiul was evaluated by a psychologist, but not by a psychiatrist as provided for in the stipulation.[2]  Later that year, Dwyer prepared a new will (2020 will), durable power of attorney, and health care proxy, all of which Jasiul executed on October 27, 2020.  The 2020 will named Dwyer as personal representative and changed how Jasiul's property would be distributed.  It also removed certain devisees who were to take under the 2015 will.[3]  Jasiul continued to manage her assets until January 2022 when her health failed, and the conservator took complete control of the assets.

Following Jasiul's death in 2023, Dwyer filed a petition for formal probate of the 2020 will.  Lalicata,[4] Armand, and

---

[2] The psychologist stated that Jasiul "was aware, in specific detail, of the nature and extent of her real estate holdings. . . .  [and] indicated there were specific relatives that she would like to name in her will."

[3] Devisees under the 2020 will included Genevieve Cremaldi Fahy, Vincent Colaiuta, Catherine Cremaldi, Maria Boschi, Thomas Boschi, Jr., Giovanni Daluz, Rose Fahy, Iris Fahy, and Rosalie Lalicata.

[4] Lalicata failed to file a brief in this appeal, and it appears that she is no longer pressing her objection.  Indeed,

Katherine[5] (objectors), filed affidavits of objection challenging Jasiul's "mental capacity," and alleging a lack of testamentary capacity and undue influence. Dwyer served interrogatories and production of document requests on the objectors, and in response, the objectors filed a motion for protective order and a motion for summary judgment. Dwyer filed an opposition to both motions, and a motion to compel discovery, which was denied.

In their motion for summary judgment, the objectors alleged that "the [2020 will] is invalid as a matter of law because the Conservator . . . failed to follow procedures for the making of the [2020 will] as dictated by both the conservatorship statute as well as the decree appointing him as a conservator for [Jasiul]." The motion did not raise the issue of Jasiul's mental or testamentary capacity, nor did it raise the allegation of undue influence.

The judge allowed the motion, concluding that Dwyer had failed to meet his burden of showing that Jasiul had testamentary capacity at the time that she executed the will. A decree entered dismissing the petition and invalidating the 2020

Lalicata would receive more of the estate under the 2020 will than she would under the 2015 will.

[5] Because Armand and Katherine share a surname, we use their first names to avoid confusion.

will.  This appeal followed.  Dwyer principally claims that the judge erred by entering summary judgment on grounds not advanced by the objectors, without giving him notice and an opportunity to be heard, and by failing to view the record in the light most favorable to him as the nonmoving party.  He further argues that the judge erred in denying his motion for reconsideration, his motion to compel discovery, and his request for leave to file supplemental affidavits.

Discussion.  Our review of the grant of summary judgment is de novo.  See Register of Deeds for Norfolk County v. County Director for Norfolk County, 495 Mass. 350, 353-354 (2025).  We begin with the familiar principle that summary judgment is appropriate only where, viewing the evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law.  See Matter of the Estate of Jablonski, 492 Mass. 687, 688, 690 (2023).  See also Roman v. Trustees of Tufts College, 461 Mass. 707, 710-711 (2012).  Dwyer contends that the judge erred by entering summary judgment on grounds not raised by the objectors and without providing notice and an opportunity to be heard.  We agree.

Here, the judge concluded that Dwyer failed to meet his burden of proving that Jasiul had testamentary capacity at the time that she executed the 2020 will.  The problem is that the

judge resolved this disputed issue of fact as a matter of law, even though the objectors did not seek summary judgment on that basis, and Dwyer was not provided notice or an opportunity to respond to this claim. Instead, the objectors moved for summary judgment on a narrow legal question concerning the interplay between the stipulation and the requirements of the conservatorship statute, G. L. c. 190B, §§ 5-401 et seq. Indeed, while their motion was pending, the objectors refused to provide discovery, asserting that the allegations set forth in the affidavits of objection -- including those concerning Jasiul's testamentary capacity -- were irrelevant to the limited legal issue that they had raised. Compounding the error, the judge denied Dwyer's motion to compel discovery on the very issue framed by the affidavits of objection -- Jasiul's testamentary capacity.

Although summary judgment may be entered on grounds other than those raised by the moving party, see Champagne v. Commissioner of Correction, 395 Mass. 382, 386 (1985), the parties must have sufficient notice of the judge's intent to do so, including an opportunity to submit affidavits, and the right to be heard. Here, Dwyer had no notice that the judge intended to decide the issue of testamentary capacity, and his submissions did not address that issue because it was not before the judge for consideration. Dwyer addressed this problem in

his motion for reconsideration and sought leave to file supplemental affidavits. In denying the motion, the judge ruled that "[n]owhere in [the Massachusetts Rules of Civil Procedure] is the Court restricted concerning the theory as to why a party is entitled to judgment as [a] matter of law." But that is beside the point. A well-established body of case law requires that parties receive notice and an opportunity to be heard before judgment enters on grounds not raised by the moving party -- protections to which Dwyer was entitled and did not receive. See Gamache v. Mayor of N. Adams, 17 Mass. App. Ct. 291, 295 (1983) ("judge had the power, sua sponte, to enter full summary judgment [on a motion for partial summary judgment], provided that the parties had sufficient notice of [her] intention to do so, opportunity to submit affidavits, and a right to be heard on the matter").

Moreover, the judge failed to view the factual record in the light most favorable to Dwyer, and did so on an incomplete record, as Dwyer's motion to compel discovery remained pending on the docket at the time the judge allowed the objectors' motion for summary judgment. In any event, the existing record evidence created a genuine issue of material fact concerning

Jasiul's testamentary capacity.[6]  For example, under the terms of the conservatorship, Jasiul continued to manage real estate in Massachusetts, California, and Florida, collecting rents, paying expenses, and communicating with tenants through at least 2021, after the execution of the 2020 will.  There is also evidence that she transferred title to a property in late 2020.  Nothing in the record suggested that Jasiul was incompetent to do so.  This evidence alone sufficed to create a genuine issue of material fact, rendering summary judgment improper.[7]

Conclusion.  For the foregoing reasons, the decree of dismissal is vacated, and the matter is remanded for further proceedings consistent with this opinion.

So ordered.

---

[6] "Whether a testator had testamentary capacity is a question of fact."  Matter of the Estate of Galatis, 88 Mass. App. Ct. 273, 278 (2015).

[7] In view of our disposition, we need not reach Dwyer's other claims.