BOARD OF SELECTMEN OF AVON *vs.* KENNETH L. LINDER.

Norfolk.    May 3, 1967. — June 5, 1967.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Municipal Corporations,* Officers and agents. *Conflict of Interest.*

Service of one as a paid newspaper correspondent actively reporting the meetings and deliberations of the board of selectmen of a town was incompatible with his simultaneous service as a member of the board and was violative of G. L. c. 268A, § 23 (d).

BILL IN EQUITY filed in the Superior Court on October 11, 1966.

The suit was reported by *Chmielinski,* J.

*James T. Grady,* Town Counsel, for the plaintiff.

*Warren H. Lindberg* for the defendant.

WILKINS, C.J.    This bill for a declaratory decree under G. L. c. 231A arises from a controversy between the plain-

tiff board of selectmen of Avon and the defendant Linder, one of its three members, as to whether he, while a select-man, can properly act as a paid newspaper correspondent reporting the plaintiff board's meetings and deliberations. A judge in the Superior Court reported the case without decision on the defendant's demurrer and on agreed facts. We overrule the demurrer and pass directly to consider the merits. See *Travers* v. *Grossman, ante,* 182, 185, and cases cited.

The defendant has made an agreement to serve as a paid newspaper correspondent for the Enterprise Publishing Company, publisher of the Brockton Enterprise, a daily newspaper, and for the publisher of the Avon Messenger, a weekly newspaper, both sold and circulated in Avon. The defendant's name appears as a by-line at the top of news columns in each newspaper. The members of the plaintiff board in the performance of their official duties come into possession of confidential information involving the inhabitants and welfare of the town, and on occasion hold executive sessions, from which the press and public are excluded. The town boards and officials, including the plaintiff board, insert legal notices in the newspapers, and their cost is approved by the plaintiff board in signing the weekly warrant.

Since about August 11, 1966, the defendant has sat as a member of the plaintiff board at its meetings, and simultaneously has made notes and reports of the business transacted in his capacity as news correspondent. On August 25, the majority of the plaintiff board requested a formal opinion of the town counsel as to whether the defendant was acting in conflict of interest. On September 6, the town counsel, after consultation and concurrence with the office of the Attorney General, rendered an opinion that the defendant's employment as a correspondent at the meetings of the plaintiff board violates G. L. c. 268A, the Conflict of Interest Law, so called, § 23 (d). On September 8, the majority of the plaintiff board at a regular meeting voted that the defendant cease employment as a news-

paper correspondent while a member of the board. The defendant has refused to comply.

Section 23 of G. L. c. 268A provides in material part: "No officer or employee of a state, county or municipal agency shall . . . (d) use or attempt to use his official position to secure unwarranted privileges or exemptions for himself or others or give the appearance of such action."

The defendant as a member of the board of selectmen, the highest town office, is a municipal officer or employee within the meaning of the quotation. See *Conley* v. *Ipswich, ante,* 201. A mere reading of the statute shows that the defendant is plainly acting in violation of its prohibition. The matter is not too trifling for the law to notice. The Legislature found it advisable to enact a conflict of interest law. This was as much to prevent giving the appearance of conflict as to suppress all tendency to wrongdoing. Contrary to the defendant's suggestion, the Legislature did not see fit to rely upon the restraints of decency, propriety, and fair play, upon the law of libel, or upon the power of the electorate to eliminate unworthy officeholders.

It is our duty to apply the expressed legislative policy. We do so in the conviction that each departure from the prescribed standards, however slight, becomes an entering wedge for more and greater departures.

We have confined our decisions to § 23 (d). In so doing, we have not felt bound by the construction of the town counsel that only subsection (d) was violated.

The demurrer is overruled. Let an entry be made that the simultaneous service of the defendant as a paid newspaper correspondent actively reporting the plaintiff board's meetings and deliberations is incompatible with his service as selectman, and is violative of G. L. c. 268A, § 23 (d).

*So ordered.*