TOWN OF EDGARTOWN & another[1] *vs.* STATE ETHICS
COMMISSION.

Dukes County. September 14, 1983. — February 8, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Conflict of Interest. Attorney at Law,* Conflict of interest, Canons of
ethics. *Municipal Corporations,* Officers and employees. *County,*
Officers and employees. *Statute,* Construction. *Practice, Civil,*
Class action.

An attorney who had been retained to represent the interests of private
landowners named as defendants in an Indian land claim case pending
in a Federal court was precluded by G. L. c. 268A, §§ 11 and 17, from
representing, as to common issues of liability in the same litigation, a
town and a county which had also been named as defendants. [86-91]

CIVIL ACTION commenced in the Superior Court Depart-
ment on May 3, 1982.

The case was heard by *Adams,* J.

After review was sought in the Appeals Court, the
Supreme Judicial Court ordered direct appellate review on
its own initiative.

*Stuart A. Kaufman* for the defendant.

*Samuel Hoar (Cerise Lim Epstein* with him) for the
plaintiffs.

O'CONNOR, J. This case is before us on appeal[2] by the
State Ethics Commission (commission) from a declaratory
judgment entered by a judge of the Superior Court pursuant
to G. L. c. 231A, § 1, construing G. L. c. 268A, §§ 11 (*a*),

---

[1] Allan van Gestel.

[2] The appeal was filed in the Appeals Court and we transferred it here
on our own motion.

11 (*c*), 17 (*a*), and 17 (*c*).[3] General Laws c. 268A regulates the conduct of State, county, and municipal employees relating to the performance of their official duties. The judge ruled that G. L. c. 268A, §§ 17 (*a*) and 17 (*c*), would not bar the plaintiff, Mr. Allan van Gestel, a Massachusetts attorney, from acting as attorney simultaneously for private parties and for the town of Edgartown (Edgartown) in a "common defense effort on liability" in an Indian land claim case pending in Federal court, *Chappaquiddick Tribe* v. *Watt,* No. 81-3207-S (D. Mass. filed Jan. 18, 1982) (the *Chappaquiddick* case). Similarly, the judge ruled that G. L. c. 268A, §§ 11 (*a*) and 11 (*c*), did not prohibit Mr. van Gestel from acting as attorney simultaneously for Edgartown, private landowners, and certain Dukes County officials.

---

[3] General Laws c. 268A, § 11, as amended through St. 1982, c. 612, § 8, provides in pertinent part: "(*a*) No county employee shall, otherwise than as provided for the proper discharge of official duties, directly or indirectly receive or request compensation from anyone other than a county or a county agency in relation to any particular matter in which a county agency is a party or has a direct and substantial interest. . . . (*c*) No county employee shall, otherwise than as provided by law for the proper discharge of official duties, act as agent or attorney for anyone other than a county or a county agency in prosecuting any claim against a county or county agency, or as agent or attorney for anyone in connection with any particular matter in which a county or county agency is a party or has a direct and substantial interest."

The lower court relied on the language of G. L. c. 268A, § 11, as it appeared in St. 1962, c. 779, § 1. We find nothing in G. L. c. 268A, § 11, as amended through St. 1982, c. 612, § 8, which materially changes the former version of the statute as it applies to the facts before us. We therefore proceed to consider the appeal in this case without requiring additional consideration by the trial court or argument by the parties.

General Laws c. 268A, § 17, as appearing in St. 1962, c. 779, § 1, provides in pertinent part: "(*a*) No municipal employee shall, otherwise than as provided by law for the proper discharge of official duties, directly or indirectly receive or request compensation from anyone other than the city or town or municipal agency in relation to any particular matter in which the same city or town is a party or has a direct and substantial interest. . . . (*c*) No municipal employee shall, otherwise than in the proper discharge of his official duties, act as agent or attorney for anyone other than the city or town or municipal agency in prosecuting any claim against the same city or town, or as agent or attorney for anyone in connection with any particular matter in which the same city or town is a party or has a direct and substantial interest."

The facts are not in dispute. Mr. van Gestel was retained to represent the interest of private landowners named as defendants in the *Chappaquiddick* case. Thereafter, he was retained by Edgartown to defend its interests on the common issues of liability presented in the *Chappaquiddick* case. Edgartown was aware of Mr. van Gestel's representation of the private party defendants as a full disclosure had been made. At the time of Mr. van Gestel's appearance for Edgartown in the *Chappaquiddick* case, counsel for the plaintiff moved to strike his appearance on the basis that such an appearance was in violation of G. L. c. 268A, § 17. The motion was denied. Mr. van Gestel then requested, pursuant to G. L. c. 268A, § 22, an opinion from the town counsel for Edgartown regarding the propriety of his representation of both the town and the private parties. The town counsel for Edgartown also acts as counsel for Dukes County, two officials of which are named defendants in the *Chappaquiddick* case. Because of his intent to retain Mr. van Gestel to represent these county officials on the common issues of liability in the *Chappaquiddick* case, the town counsel referred Mr. van Gestel's request to the State Ethics Commission. By letter dated April 13, 1982, the commission issued an advisory opinion which concluded that Mr. van Gestel's joint representation of Edgartown and private parties on the common issues of liability would violate G. L. c. 268A, § 17, and his proposed representation of county officials and either Edgartown or private parties on the common issues of liability would violate G. L. c. 268A, § 11. Conflict Opinion No. EC-COI-82-46. The opinion stated that the plain language of the statutory provisions in question prohibited a municipal or county employee's representation of any private party in a matter where the employer governmental body is a party.

Mr. van Gestel and Edgartown then joined as plaintiffs in a complaint for declaratory relief, under G. L. c. 231A, seeking a determination that Mr. van Gestel's proposed multiple representation is not in violation of G. L. c. 268A, §§ 11 (*a*), 11 (*c*), 17 (*a*), and 17 (*c*). The commission coun-

terclaimed for a declaratory judgment that Mr. van Gestel's representation of Edgartown, Dukes County officials, and private parties in the *Chappaquiddick* case violates G. L. c. 268A, §§ 11 (*a*), 11 (*c*), 17 (*a*), and 17 (*c*). The judge declared rights consistent with the position of Edgartown and Mr. van Gestel.

We must determine whether the Legislature, in enacting G. L. c. 268A, §§ 11 and 17, sought to preclude attorneys who are employees of municipalities or counties[4] from representing simultaneously and for compensation other government entities or private parties in litigation where the several parties have identical defenses and the simultaneous representation extends only to issues of liability. The parties, and the trial judge, have acknowledged that the operative language of §§ 11 and 17 is sufficiently similar that for convenience both statutory sections may be analyzed by referring only to one. We adopt the same methodology, referring only to § 17 in our analysis but applying the reasoning to § 11 as well.

The plaintiffs argue that the legislative history of G. L. c. 268A makes clear that §§ 17 (*a*) and 17 (*c*) were intended to prohibit actions of attorneys who are municipal employees only in matters where the employer municipality is an adverse party or has an adverse interest. They contend that precluding Mr. van Gestel, a specialist in Indian land claims, from representing all parties with identical interests on the issue of liability in the *Chappaquiddick* case is an absurd result which the Legislature could not have intended.

The commission relies on the principle that, where a statute is plain and unambiguous on its face, courts must construe the statute as written; in interpreting such statutes, legislative history is not ordinarily a proper source of construction. See *New England Medical Center Hosp., Inc.* v. *Commissioner of Revenue*, 381 Mass. 748, 750 (1980); *Hoff-*

---

[4] Although it is clear that Mr. van Gestel was retained by Edgartown only for the one case, no party contests his status as a town "employee" within the statutory meaning.

man v. *Howmedica, Inc.*, 373 Mass. 32, 37 (1977); *Commonwealth* v. *Gove*, 366 Mass. 351, 354 (1974). The commission directs our attention to the statutory language defining the prohibitive sweep of §§ 17 (*a*) and 17 (*c*). That language prohibits receipt by municipal employees of compensation from outside parties in relation to, and representation as agent or attorney of outside parties by such employees in connection with, "any particular matter in which the same city or town is a party or has a direct and substantial interest." The commission takes the position that the plain, unambiguous meaning of this language is that the prohibitions of §§ 17 (*a*) and 17 (*c*) apply regardless of whether the interests of the employer municipality and any outside parties on the "particular matter" at issue are adverse.

We agree with the commission that the language of the statute unambiguously prohibits the multiple representation at issue here. Had the Legislature intended that these prohibitions be limited to matters in which the municipal employer is an *adverse* party or has a direct and substantial *adverse* interest, the Legislature easily could have accomplished that by inserting the word "adverse" before "party" and before "interest," or by employing some other equally simple language. The only limitation on the statute's broad prohibition of multiple representation is for conduct by an employee "as provided by law for the proper discharge of official duties."[5] The plaintiffs have not suggested that

---

[5] The phrases of §§ 11 (*a*), 11 (*c*), 17 (*a*) and 17 (*c*) addressed to circumstances where employees may take compensation from and represent parties other than their employer governmental bodies vary somewhat: "otherwise than as provided for the proper discharge of official duties," G. L. c. 268A, § 11 (*a*); "otherwise than as provided by law for the proper discharge of official duties," G. L. c. 268A, § 11 (*c*); "otherwise than as provided by law for the proper discharge of official duties," G. L. c. 268A, § 17 (*a*); "otherwise than in the proper discharge of his official duties," G. L. c. 268A, § 17 (*c*). We find no meaningful distinctions among these alternative qualifying phrases in the context of this case. All focus on the proper discharge of official duties.

The specific application of this qualifying language is not clear. One commentator has suggested with respect to the qualifying phrase in G. L. c. 268A, § 17 (*a*), that "the Department of Mental Health may establish

the proper discharge of Mr. van Gestel's duties as a municipal or county employee includes representing private citizens, or receiving or requesting compensation from them.

Contrary to the plaintiffs' assertions, our construction of G. L. c. 268A, § 17, as being indifferent to whether or not the involved interests are adverse, does not produce an absurd result requiring a different construction. See *Berube* v. *Selectmen of Edgartown,* 336 Mass. 634, 639 (1958). The Legislature's objective "was as much to prevent giving the appearance of conflict as to suppress all tendency to wrongdoing." *Selectmen of Avon* v. *Linder,* 352 Mass. 581, 583 (1967). It cannot fairly be said that unless public and private interests in a particular matter are adverse, there can be no appearance of conflict, nor can it properly be said that the Legislature has no legitimate interest in preventing such an appearance. As stated by the Special Commission which drafted the initial version of G. L. c. 268A, "the people are entitled to know that no substantial conflict between

out-patient clinics in collaboration with public and private agencies, and towns may appropriate funds to pay for the services rendered; the governing statutes may well be taken to provide for compensation of employees from a combination of state, local and private sources, even if they are 'municipal employees' under the conflict of interest law." R. Braucher, Conflict of Interest in Massachusetts, in Perspectives of Law, Essays for Austin Wakeman Scott 1, 14 (R. Pound, E. Griswold, A. Sutherland eds. [1964]).

Another commentator has observed that while the scope of the phrase "otherwise than in the proper discharge of his official duties," appearing in G. L. c. 268A, § 4 (c), governing the conduct of State employees, is not clear, Buss, The Massachusetts Conflict of Interest Statute: An Analysis, 45 B.U.L. Rev. 299, 323 n.136 (1965), it would permit a full-time employee of the State to represent a private individual as a defendant in a criminal case (public defender), *id.* at 326 n.154, and would apply to situations "where the state employee's work for the outsider is done by the same act as his work for the state; in other words, where the state is involved in a cooperative enterprise with the outside employer." *Id.* at 333.

With respect to G. L. c. 268A, § 17 (c), the Legislature may have been mindful that the nature of public employment is such that municipal employees are frequently required to advise and otherwise assist private citizens, and may have wanted to make clear that such service should not be considered to be acting as agent or attorney for persons other than the municipality, in violation of that section.

private interests and official duties exists in those who serve them." 1962 House Doc. No. 3650, at 21.

Furthermore, the Legislature's concern about conflict between private interests and public duties may reasonably have motivated it to prohibit involvements that might present *potential* for such conflicts. Seen in the context of litigation, for example, in a case in which several defendants are represented by one attorney, settlement may become possible on the sole condition that the entire litigation be terminated. Settlement, or particular terms of settlement, may be advantageous, or at least be desired, by some but not all of the defendants. Identity of issues and identity of defenses are not the equivalent of identity of interests. The attorney in such a situation must advise his or her clients. A statute that would guard a municipality against a division of the attorney's loyalties in such circumstances would not be unreasonable. Even though the Canons of Ethics and Disciplinary Rules[6] forbid multiple representation by an attorney who recognizes that interests he or she represents are likely to become adverse, no rule of reason requires that the Legislature be content to rely on those regulations to protect the municipality. The Legislature was entitled to adopt the safer course of precluding all potential conflicts before they become a reality and before damage, even unwittingly, has been done. The Legislature may have recognized that it is not always easy to tell when an actual conflict has arisen. These "section[s] of the statute [reflect] the old maxim that 'a man cannot serve two masters.' [They seek] to preclude circumstances *leading to* a conflict of loyalties by a public employee" (emphasis added). *Commonwealth* v. *Canon*, 373 Mass. 494, 504 (1977), cert. denied, 435 U.S. 933 (1978) (Liacos, J., dissenting on other grounds).

The plaintiffs argue that G. L. c. 268A, § 17, should be narrowly construed because it is a penal statute and penal statutes should be strictly construed. The maxim that penal

---

[6] See Canons of Ethics and Disciplinary Rules Regulating the Practice of Law, S.J.C. Rule 3:07, DR 5-105 (A) - (C), as appearing in 382 Mass. 781 (1981).

statutes should be strictly construed "is a guide for resolving ambiguity, rather than a rigid requirement that we interpret each statute in the manner most favorable to defendants." *Simon* v. *Solomon*, 385 Mass. 91, 102-103 (1982). General Laws c. 268A, § 17, is not ambiguous. The maxim, therefore, does not apply.

The plaintiffs further argue that the statute should be narrowly construed because regulation of the conduct of attorneys is primarily a judicial function, and art. 30 of the Massachusetts Declaration of Rights prohibits the Legislature from exercising judicial powers. Such regulation is exercised through the adoption of disciplinary rules. Interpreting the statute to preclude multiple representation by a municipal employee, who is an attorney, does not result in the statute's contradicting, impairing, or otherwise affecting those rules. The statute does not focus primarily on attorneys, but rather on the conduct of government employees, which is clearly within the province of the Legislature. The conduct of a municipal employee, who is also an attorney, may properly be regulated by statute as well as by rules promulgated by this court.

Lastly, it is contended that the commission's interpretation of G. L. c. 268A, § 17, results in an impermissible interference with the right of a Federal trial judge to appoint lead counsel in a class action case. However, a ruling that Mr. van Gestel cannot be attorney for Edgartown and private clients in the land claim case is not a ruling that he cannot be lead counsel for parties who are represented by different attorneys. The appointment of lead counsel does not result in substituting an attorney for the attorneys chosen by the parties, nor does it raise the concerns about actual, potential, or apparent conflicts that G. L. c. 268A, was designed to prevent.

As attorney for Edgartown, Mr. van Gestel would be a "municipal employee" acting as attorney for other parties, for compensation, relative to a particular matter in which Edgartown is interested. General Laws c. 268A, § 17, precludes him from doing so, since his duties for the town do

not include representing private citizens, or receiving or re-
questing compensation from them. This litigation also
raises the question whether G. L. c. 268A, § 11, precludes
Mr. van Gestel from simultaneously representing a county
or a county agency and private citizens in the Federal court
land claim case. Since the operative language of §§ 11 and
17 is identical, § 11 precludes Mr. van Gestel from such
multiple representation. We therefore reverse the judgment
of the Superior Court and remand the case to that court for
the entry of a judgment in accordance with this opinion.

*So ordered.*