RAYMOND LaBARGE vs. CHIEF ADMINISTRATIVE JUSTICE
OF THE TRIAL COURT & others.[1]

Hampshire.   February 3, 1988. — June 7, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Conflict of Interest. Constitutional Law,* Public employment. *Public Employment,* Collective bargaining, Termination. *Trial Court,* Chief Administrative Justice, Collective bargaining. *Contract,* Collective bargaining contract. *Waiver. Estoppel.*

Section 13.08 of a collective bargaining agreement between the Trial Court and its employees, which required an active employee to take unpaid leave of absence while campaigning for or serving in elective political office, was a provision reasonably necessary to achieve the legitimate public objectives of ensuring the impartiality of court employees, protecting the integrity and appearance of impartiality of court offices, and preserving the separation of governmental powers; any resulting burden on such an employee's right to hold elective office did not violate art. 9 of the Massachusetts Declaration of Rights. [465-467]

General Laws c. 268A, § 4, restricting State employees from receiving compensation from sources other than their State employer, did not conflict with the provision of a collective bargaining agreement between the Trial Court and its employees that prohibited such employees from holding elective political office. [467-468]

In an action brought by a former Trial Court employee who was removed from the payroll for his refusal to comply with a provision in the applicable collective bargaining agreement that prohibited the employee from holding elective political office while employed by the Trial Court, the judge properly determined, as matter of law, that the Chief Administrative Justice of the Trial Court and the Administrative Justice of the District Court Department of the Trial Court could not unilaterally waive enforcement of a provision of the collective bargaining agreement. [468]

No estoppel principle was applicable to preclude the Trial Court from enforcing a provision in a collective bargaining agreement that prohibited its employees from holding elective political office while employed by

[1] Administrative Justice of the District Court Department and Office and Professional Employees International Union, AFL-CIO Local 6.

the Trial Court, where an estoppel would defeat the public interest in maintaining the real and apparent impartiality and integrity of the offices of the Trial Court. [468-469]

CIVIL ACTION commenced in the Superior Court Department on February 28, 1986.

The case was heard by *George C. Keady, Jr.,* J., on a motion for summary judgment.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Michael Malkovich* (*Benjamin A. Barnes* with him) for the plaintiff.

*Ilene Robinson* for the Chief Administrative Justice of the Trial Court & another.

O'CONNOR, J. This case presents the issue whether the plaintiff, Raymond LaBarge, may simultaneously hold an elective office as Northampton city councilor and a position as a procedures clerk in the Northampton Division of the District Court Department. The plaintiff was removed from the payroll of the Northampton District Court by Administrative Justice Zoll (Chief Justice Zoll), after the plaintiff refused either to resign his office as Northampton city councilor or to take an unpaid leave of absence from his position as procedures clerk during his term in office. The plaintiff brought this action for reinstatement in his position as procedures clerk and for back pay. Chief Administrative Justice Mason and Chief Justice Zoll moved for summary judgment and their motion was allowed. The plaintiff moved for final judgment in favor of the defendant union and that motion was also allowed. The plaintiff appealed the judgment in favor of the Chief Administrative Justice and the Chief Justice. We took the case on our own initiative and now affirm.

Summary judgment shall be rendered only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974). See *Community Nat' l Bank* v. *Dawes*, 369 Mass. 550, 553 (1976). Chief Administrative

Justice Mason and Chief Justice Zoll's motion for summary judgment was submitted on the pleadings and several affidavits. The following facts are not disputed.

The plaintiff was elected to his first two-year term as a Northampton city councilor in the fall of 1983. The term began January 1, 1984. During that term, the plaintiff applied for and received a temporary appointment as a procedures clerk in the Northampton District Court. He noted on his application that he held an office as Northampton city councilor. The Chief Administrative Justice indicated by letter that the application had been reviewed and approved as in compliance with the standards promulgated in the Trial Court's Personnel Policies and Procedures Manual. The temporary appointment was extended several times. On April 1, 1985, the plaintiff was appointed to a permanent position as procedures clerk in the Northampton District Court. The application for the permanent position also contained a statement that he was holding an office as Northampton city councilor, and again the Chief Administrative Justice wrote in a letter that the plaintiff's application had been reviewed and was determined to be in compliance with the Trial Court's Personnel Policies and Procedures Manual.

In the fall of 1985, while holding a permanent position as procedures clerk, the plaintiff campaigned for and was reelected to the Northampton city council. He commenced his second two-year term in office on January 1, 1986.

In a letter dated February 11, 1986, Chief Justice Zoll notified the plaintiff that the collective bargaining agreement controlling the plaintiff's employment required that he resign his office as city councilor or take an unpaid leave of absence from his position as procedures clerk. The collective bargaining agreement was in effect from July 1, 1983, through June 30, 1986. Article XIII, § 13.08, of that agreement provided: "Leave for Political Office. An employee who becomes a candidate for any Federal, State, County or Municipal elective office shall, upon certification of his/her nomination papers by the certifying authority, request and receive a leave of absence without pay or take accrued, unused vacation time until the

election is decided or until he/she ceases to be a candidate. Requests for such leave shall be made in writing by the employee to his/her immediate manager. If he/she is elected, such leave of absence shall be extended until such time as he/she ceases to hold office." A successor agreement, in effect from July 1, 1986, through June 30, 1989, contains an identical provision.

The plaintiff refused to resign his office as city councilor or to take an unpaid leave of absence from his position as procedures clerk. He was removed from the payroll of the Northampton District Court effective May 31, 1986.

The amended complaint seeks an order requiring the defendants to return the plaintiff to the District Court's payroll, an order preventing the Chief Administrative Justice and Chief Justice from forcing him to resign his elected office, an award of lost wages, and a declaration that § 13.08 of the collective bargaining agreement shall not be construed to prevent him from simultaneously holding an elective office and a position as procedures clerk.

On appeal, the plaintiff presents essentially five theories to support his argument that summary judgment was improperly granted: (1) section 13.08 of the collective bargaining agreement abridges his right to hold elective office under art. 9 of the Massachusetts Declaration of Rights; (2) section 13.08 of the collective bargaining agreement violates G. L. c. 268A, § 4 (1986 ed.); (3) the Chief Administrative Justice and the Chief Justice waived their right to enforce § 13.08 against him; (4) summary judgment was improperly granted because there is a material issue of fact as to whether the Chief Administrative Justice and the Chief Justice waived their right to enforce § 13.08; (5) the Chief Administrative Justice and the Chief Justice should be equitably estopped from enforcing § 13.08. We discuss the plaintiff's arguments in order.

Article 9 of the Massachusetts Declaration of Rights provides that "[a]ll elections ought to be free; and all the inhabitants of this Commonwealth, having such qualification as they shall establish by their frame of government, have an equal right to elect officers, and to be elected, for public employments." In *Opinion of the Justices*, 375 Mass. 795, 811 (1978), the Justices

concluded that "the right 'to be elected,' preserved in art. 9, is not absolute. It is subject to legislation reasonably necessary to achieve legitimate public objectives" (citation omitted). See also *Opinion of the Justices*, 368 Mass. 819, 823 (1975).

Section 13.08 of the collective bargaining agreement, though authorized by G. L. c. 150E, §§ 1-15 (1986 ed.), is not legislation. However, it is one of the several means through which the judicial branch of the Commonwealth regulates the conduct of its employees. The regulation of court employees' conduct is essential for the judiciary to carry out its constitutional mandate and is, therefore, within its inherent authority. See *Opinion of the Justices*, 375 Mass. at 813; *Opinion of the Justices*, 372 Mass. 883, 893 (1977); *O'Coin's, Inc.* v. *Treasurer of the County of Worcester*, 362 Mass. 507, 510 (1972); *Blankenburg* v. *Commonwealth*, 260 Mass. 369, 373 (1927), cert. denied, 283 U.S. 819 (1931). We therefore apply the same standard of review to § 13.08 as we do to legislation. We must determine whether § 13.08 is reasonably necessary to achieve legitimate public objectives. See *Opinion of the Justices*, 375 Mass. at 811.

Section 13.08 is the judiciary's complement to G. L. c. 268A, governing the conduct of State, county, and municipal employees. Section 13.08, like G. L. c. 268A, is intended to prevent the appearance of any conflict of interest, as well as to suppress all tendency to wrongdoing by Trial Court personnel. See *Selectmen of Avon* v. *Linder*, 352 Mass. 581, 583 (1967). Like the Legislature, the Trial Court need "not see fit to rely upon the restraints of decency, propriety, and fair play" to prevent an employee of the court from using his or her employment to gain political advantage or repay political debts. See *id.* The Trial Court, therefore, properly may include in its collective bargaining agreements a provision prohibiting elected officials and candidates for elective office from active employment in the Trial Court. Such a prohibition is consistent with a recognition that it is not always easy to detect or determine when an actual conflict has arisen and that even the appearance of partiality may diminish public trust in the judiciary. The Trial Court may properly preclude circumstances

creating a potential or apparent conflict of interest. See *Edgartown* v. *State Ethics Comm'n*, 391 Mass. 83, 89 (1984).

Ensuring the impartiality of court employees, protecting the integrity and appearance of impartiality of court offices, and preserving the separation of powers set out in art. 30 of the Massachusetts Declaration of Rights are legitimate public objectives, and the pursuit of those objectives by enforcing § 13.08 of the collective bargaining agreement is reasonable within the test set out in *Opinion of the Justices*, 375 Mass. at 811. Therefore, any resulting burden on the plaintiff's right to hold elective office does not violate the plaintiff's art. 9 rights.

The plaintiff argues that § 13.08 of the agreement conflicts with G. L. c. 268A, § 4, as amended, St. 1980, c. 10, § 1, and is therefore unenforceable. We need not decide whether, if there were such a conflict, § 13.08 would be unenforceable. There is no conflict.

General Laws c. 268A sets standards of conduct for public officials and public employees. Section 4 restricts State employees' ability to accept compensation from sources other than their State employer. The plaintiff relies on the second to last paragraph of § 4 for his contention that a State employee may not be prevented from running for or holding an elective office because of a potential or existing conflict of interest. That paragraph provides, "This section shall not prohibit a state employee from holding an elective or appointive office in a city, town or district, nor in any way prohibit such an employee from performing the duties of or receiving the compensation provided for such office. No such elected or appointed official may vote or act on any matter which is within the purview of the agency by which he is employed or over which such employee has official responsibility." G. L. c. 268A, § 4, as amended, St. 1980, c. 10, § 1.

The provision on which the plaintiff relies only says that § 4 does not prohibit a State employee from holding an elective office. It does not purport to confer a right to do so. It does not purport to limit the judiciary's power to prohibit a court employee from holding elective office. Accordingly, we reject

the plaintiff's argument that § 13.08 of the collective bargaining agreement is unenforceable because it conflicts with G. L. c. 268A, § 4.

The plaintiff's third argument is that the Chief Administrative Justice and the Chief Justice waived their right to enforce § 13.08 when they appointed the plaintiff to temporary and permanent positions in the District Court while he held an elective office. It is unclear whether the plaintiff argues waiver as a matter of law or waiver as a matter of fact for this court to decide. The plaintiff argues in the alternative that summary judgment on the issue of waiver was improper because the defendants' intent to waive their right of enforcement is an issue of material fact.

The judge properly determined as a matter of law that there was no waiver. The Chief Administrative Justice and the Chief Justice did not have the power unilaterally to waive the enforcement of a provision of the collective bargaining agreement. They were bound to enforce § 13.08. The terms of the collective bargaining agreement could not have been modified without the approval of the union. See *School Comm. of Newton* v. *Labor Relations Comm'n*, 388 Mass. 557, 563-565 (1983) (unilateral modification of collective bargaining agreement violates G. L. c. 150E, § 10[a]).

The plaintiff's final argument is that the defendants should be equitably estopped from enforcing § 13.08 against him. He says that he reasonably relied to his detriment on Chief Administrative Justice Mason's representations that his simultaneous service as an elected official and procedures clerk did not contravene the Trial Court Personnel Policies and Procedures Manual (which, the plaintiff says, contained a provision identical to § 13.08 of the collective bargaining agreement). "Generally, the doctrine of estoppel is not applied against the government in the exercise of its public duties, or against the enforcement of a statute." *Gamache* v. *Mayor of North Adams*, 17 Mass. App. Ct. 291, 294 (1983). Estoppel is not applied to government acts where to do so would frustrate a policy intended to protect the public interest. See *Langlitz* v. *Board of Registration of Chiropractors*, 396 Mass. 374, 378 (1985);

*DiGloria* v. *Chief of Police of Methuen*, 8 Mass. App. Ct. 506, 516 (1979). Application of equitable estoppel here would defeat the important public interest in maintaining the real and apparent impartiality and integrity of the offices of the Trial Court. Therefore, equitable estoppel is inappropriate in this case.

*Judgment affirmed.*