THE MIDDLESEX CORPORATION *vs.* P. GIOIOSO & SONS, INC. July 14, 1993. *Injunction. Public Works*, Bidding procedure.

The plaintiff in the underlying action, P. Gioioso & Sons, Inc. (Gioioso), filed a complaint in the Superior Court seeking injunctive and other relief against the Commonwealth in connection with the award of a contract for the construction of a federally assisted public works project in Lowell. Gioioso had bid on the project and claimed in its verified complaint that the Commonwealth, acting through its Highway Department board of commissioners (commissioners) had improperly rejected its bid. The Middlesex Corporation (Middlesex), which had also bid on the project and which was selected to receive the contract, was allowed to intervene in the action. A judge of the Superior Court granted a preliminary injunction enjoining the Commonwealth from "awarding, executing, or entering into a contract for [the project] with any entity other than P. Gioioso & Sons, Inc." A single justice of the Appeals Court denied a petition brought by Middlesex pursuant to G. L. c. 231, § 118, first par. (1990 ed.), for relief from the preliminary injunction. Middlesex then commenced this proceeding in the Supreme Judicial Court for Suffolk County seeking relief pursuant to G. L. c. 211, § 3 (1990 ed.). A single justice of this court concluded that the Superior Court judge had erred in issuing a preliminary injunction against the Commonwealth, and a judgment entered vacating the injunction. Gioioso has appealed from the judgment.

1. We think Middlesex properly sought relief under G. L. c. 211, § 3. Middlesex demonstrated a substantial claim that the commissioners' decision to award the contract to it was correct; that the ordinary process of appellate review might not furnish it with timely and suitable relief; and that the public interest in the proper application of the bidding laws, and in prompt completion of a public works project, could suffer if the injunc-

_____

tion were not vacated. See *Planned Parenthood League of Massachusetts, Inc.* v. *Operation Rescue*, 406 Mass. 701, 706-709 (1990); *Soja* v. *T.P. Sampson Co.*, 373 Mass. 630 (1977).

2. We conclude that the injunction properly was vacated by the single justice because Gioioso has not shown a likelihood that it will succeed on the merits. See *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 617-618 (1980). The most reasonable interpretation of the relevant bidding specifications is that they require (or at least confer discretion on) the commissioners to reject a bid like that submitted by Gioioso, which did not conform strictly to the disadvantaged business enterprises participation requirement. Because Gioioso's low bid failed to conform to bidding specifications, the commissioners were entitled to accept the bid from Middlesex, the second lowest bidder on the contract with a bid only slightly higher than the one submitted by Gioioso. See generally *Peabody Constr. Co.* v. *Boston*, 28 Mass. App. Ct. 100 (1989).

We also agree with the single justice that the anticipated evidence of the existence of a policy of waiving strict compliance with the disadvantaged business enterprise participation requirement was equivocal at best; that there was no evidence that the commissioners had adopted such a policy; and that there is a serious question whether they would be entitled to do so.[1] See *J. D'Amico, Inc.* v. *Worcester*, 19 Mass. App. Ct. 112, 115 (1984) (contract awarding authority cannot waive requirement prescribed by Federal regulations). It is also clear that the alleged past failure of subordinate employees to insist on compliance with the disadvantaged business enterprise participation requirement could not estop the commissioners from requiring strict compliance on this occasion. See *LaBarge* v. *Chief Admin. Justice of the Trial Court*, 402 Mass. 462, 468-469 (1988).

*Judgment affirmed.*

The case was submitted on briefs.

John J. Spignesi for the defendant.

*Scott Harshbarger*, Attorney General, & *John E. Bowman, Jr.*, Assistant Attorney General, for the Commonwealth.

*Richard A. Nylen, Jr.*, & *Howard P. Speicher*, for Middlesex Corporation.

---

[1]Disadvantaged business enterprise participation is required by Federal regulation. See 49 C.F.R. §§ 23.41 (a) (2), 23.45 (e) - (i) (1990).