Butler, J.
INTRODUCTION
On January 25, 1995, the plaintiff, Charles Pietrewicz, brought suit against the defendants, Board of Selectmen of the Town of Webster, Massachusetts, Board of Health of the Town of Webster, Massachusetts, Police Department of the Town of Webster, Massachusetts, William E. Cunningham, Linda D. Kijowski, Joseph Waskiewicz, Paul Minarik, Nancy Landry, Mary Fura and Michael Fura, for a variety of common law and statutory causes of action for acts of corruption allegedly carried out by the named municipal bodies and individuals.[2]
On May 16,1997, this matter came before the Court on plaintiffs motion to disqualify Kopelman and Paige, P.C. (the firm) from representing William E. Cunningham, Linda D. Kijowski, Joseph Waskiewicz, Paul Minarik[3] and Nancy Landry. In support of the plaintiffs motion to disqualify the counsel, the plaintiff contends that the firm should be disqualified from representing the above-named defendants because the firm also represents the Board of Selectmen of the Town of Webster, the Board of Health of the Town of Webster and the Police Department of the Town of Webster. Accordingly, the plaintiff argues that the firm’s representation of both the municipal defendants and the aforementioned individual defendants constitutes a violation of Disciplinary Rule 5-105 appearing in S.J.C. Rule 3:07, and is contrary to the mandates of the Massachusetts Tort Claims Act.
In opposition to the plaintiffs motion to disqualify counsel, the defendants claim that the firm has made full disclosure, as required by Disciplinary Rule 5-105 (C), of the issues raised by its simultaneous representation of both the individual defendants and the municipal entities and each of the defendants has consented to this simultaneous representation. Therefore, the defendants state that there is no basis for this Court to disqualify the firm.
For the reasons discussed below, the plaintiffs motion to disqualify counsel is DENIED.
DISCUSSION
The disqualification of counsel from continued representation is a measure “that courts have invoked in appropriate circumstances to prevent improper disclosure of clients’ confidence, or to ameliorate the effects of such disclosures where they have occurred.” Masiello v. Perini Corp., 394 Mass. 842, 848 (1985), quoting Realco Servs., Inc. v. Holt, 479 F.Sup. 867, 871 (E.D. Pa. 1979). Disqualification of counsel “(a]s a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary.” Masiello v. Perini Corp., 394 Mass. 842, 848 (1985) quoting Freeman v. Chicago Musical Instrument, 689 F.2d 715, 721 (7th Cir. 1982).
In the case at bar, the motion to disqualify involves the applicability of Disciplinary Rule 5-105.[4] As de *138 tailed below, Disciplinary Rule 5-105(0 explains that “[a] lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.” The firm has made full disclosure of the issues raised by its simultaneous representation of both the individual defendants and municipal entities as required by Disciplinary Rule 5-105(C). Moreover, the defendants each signed an Agreement of Representation which demonstrates their awareness of potential future conflicts and their consent to simultaneous representation.
In addition to notifying each defendant of the possible effects of the firm’s representation of the multiple defendants and their assent to such representation, it appears that the Town maintains that each of the individual defendants acted within the scope of his or her authority in the context of the actions complained of in the complaint. The Town has also accepted the provisions of G.L.c. 258, §13 and, therefore, the Town is obligated to indemnify the individual defendants unless it is determined that they acted outside the scope of their official duties.
In accordance with the representations made to the Court, I find that the firm may continue to represent both the individual defendants and the municipal entities.[5]
ORDER
For the foregoing reasons, it is hereby ORDERED that Charles Pietrewicz’s motion to disqualify Kopelman and Paige, P.C. is ALLOWED.

 Specifically, the claims alleged in the complaint against the defendants include: (1) Count I, civil conspiracy, against all named defendants: (2) Count II, 42 U.S.C. §1983, against all named defendants: (3) Count III, G.L.c. 12, §111, against all named defendants: (4) Count IV, intentional interference with advantageous contractual relations: (5) Count V, G.L.c. 93A, against Mary Fura and Michael Fura; (6) Count VI, conversion, against Mary Fura and Michael Fura; and (7) Count VII, intentional infliction of emotional distress, against all named defendants.

 Despite the plaintiffs assertion to the contrary, Kopelman and Paige, P.C. does not represent Paul Minarik. On May 21, 1996, the law firm of Reardon & Reardon filed a notice of appearance on behalf of Paul Minarik.

 Disciplinary Rule 5-105 provides:
(A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment on behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5-105(C).
(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5-105(0.
(C)In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure on the exercise of his independent professional judgment on behalf of each.

 At oral arguments on the plaintiffs motion to disqualify counsel, the Court requested that the parties submit supplemental memoranda discussing whether the Supreme Judicial Court’s ruling in Edgartown v. State Ethics Comm'n, 391 Mass. 83 (1984), has any bearing on whether the firm may continue in its role as counsel for both the individual and municipal defendants. In Edgartown, the Court held that an attorney for the Town of Edgartown was precluded, by G.L.c. 268A, §§11 and 17, from acting as an attorney for other parties, for compensation, relative to a particular matter in which the Town of Edgartown was interested, since the attorney’s duties for the Town did not include representing private citizens, or receiving or requesting compensation from them.
I find Edgartown distinguishable from the case at bar for several reasons. One distinguishing factor includes the fact that, unlike the attorney in Edgartown, the firm is not compensated by both the Town and the individual defendants. Rather, the firm receives one compensation for its defense of this action from the Town. Moreover, unlike Edgartown, the firm’s representation of individual former and current Town employees and the Town is a proper discharge of the firm’s duties as a municipal employee. In accordance with the Town’s by-laws, it is an official duty of Town council to defend suits brought against the Town or its officers. For these reasons, I hold that Edgartown v. State Ethics Commission, 391 Mass. 83 (1984). does not provide a basis in which this Court should allow the plaintiffs motion to disqualify counsel.