RINALDO DEL GALLO, THIRD *vs.* SECRETARY OF THE COMMONWEALTH & others.[1]
October 15, 2004. *Constitutional Law*, Elections. *Elections,* Ballot. *Estoppel.*

Rinaldo Del Gallo, III, commenced this action in the county court, seeking, among other things, injunctive relief to have his name placed on the ballot in

---

[1]The Governor, the Attorney General, the city clerk of Pittsfield, Clementine Brothers, and the city of Pittsfield.

the upcoming election for Executive Councillor. The single justice dismissed his complaint insofar as it sought any type of injunctive relief, Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), and ordered the entry of a separate and final judgment to that effect, Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974). This expedited appeal followed. We affirm the judgment of the single justice.

*Facts.* We summarize Del Gallo's allegations. On March 12, 2004, Del Gallo, an attorney, went to the Pittsfield city clerk's office to take out nomination papers to run for district attorney for the Berkshire district. Although he was a registered Democrat, he asked an employee, Clementine Brothers, if he could run as a Republican instead. He wanted to run as a Republican, he told Brothers, because if he entered the Democratic primary, his message might be lost in a crowded field. Del Gallo alleged that the employee told him that he could do so, that he relied on the advice, and that he changed his party affiliation and took out nomination papers as a Republican candidate for district attorney. A few days later, the city clerk informed him that he could not run as a Republican because he had been enrolled as a Democrat during the prior year and had changed his party affiliation less than ninety days prior to the filing deadline. See G. L. c. 53, § 48 ("party loyalty" statute). By the same token, he also could not run as a Democratic candidate. See *id.* Finally, he could not run as an unenrolled candidate because he had been affiliated with a party (indeed, with two parties) less than ninety days prior to the filing deadline. See G. L. c. 53, § 6 ("disaffiliation" statute).

In May, 2004, having changed his affiliation back to Democrat, Del Gallo filed nomination papers for the office of Executive Councillor for the eighth district. However, again because of his party switch, he has been unable to obtain the necessary certification from the registrar of voters. Accordingly, under the party loyalty and disaffiliation statutes, he is ineligible to appear on the ballot as either a party or nonparty candidate.

*Statutes.* Del Gallo argues that the party loyalty statute, G. L. c. 53, § 48, and the disaffiliation statute, G. L. c. 53, § 6, unconstitutionally deny him access to the ballot. We rejected a similar challenge to these and other election statutes in *Metros* v. *Secretary of the Commonwealth*, 396 Mass. 156 (1985). Del Gallo argues that the *Metros* decision is not good law because the Supreme Court case on which it relied, *Storer* v. *Brown*, 415 U.S. 724 (1974), was undermined by *Anderson* v. *Celebrezze*, 460 U.S. 780 (1983), a case that had already been decided when we decided the *Metros* case. The single justice ruled that the *Storer* case remains good law even in light of *Anderson*, and that nothing in *Anderson* undermines our decision in *Metros*. We agree. The *Anderson* Court distinguished *Storer* on several bases, but did not overrule it. *Anderson* v. *Celebrezze, supra* at 802-804. The *Anderson* Court specifically noted that the early filing deadline at issue was "substantially different from the California [disaffiliation] provisions upheld in *Storer.*" *Id.* at 804. The fact that the dissenting Justices opined that the *Storer* case could not be distinguished, see *id.* at 812-817 (Rehnquist, J., dissenting), does not alter the Court's holding or suggest that *Storer* was wrongly decided. In sum, both the *Storer* and *Metros* cases remain good law, and there is nothing unconstitutional about enforcing the statutes against Del Gallo.

Del Gallo further argues that G. L. c. 53, §§ 6 and 48, improperly impose qualifications for holding office over and above those imposed by art. 16 of

the Amendments to the Massachusetts Constitution. This argument is meritless. The statutes impose legitimate requirements for having one's name appear on the ballot. Should Del Gallo succeed as a write-in candidate, nothing in the statutes disqualifies him from holding office.

*Estoppel.* Finally, Del Gallo argues that due to the allegedly negligent advice he received from the city clerk's office, on which he relied in changing his party affiliation, the defendants are estopped to deny him access to the ballot. The single justice properly rejected this argument. " 'Generally, the doctrine of estoppel is not applied against the government in the exercise of its public duties, or against the enforcement of a statute.' . . . Estoppel is not applied to government acts where to do so would frustrate a policy intended to protect the public interest." *LaBarge* v. *Chief Administrative Justice of the Trial Court,* 402 Mass. 462, 468 (1988), quoting *Gamache* v. *Mayor of N. Adams,* 17 Mass. App. Ct. 291, 294 (1983). Applying estoppel in this case would frustrate the Commonwealth's compelling interest in the stability of its political system. See *Metros* v. *Secretary of the Commonwealth, supra* at 162, citing *Storer* v. *Brown, supra* at 736.

We also agree with the single justice's reasoning that even if Del Gallo could overcome this strong presumption, other equitable considerations militate against estoppel. First, although Del Gallo was aware at least as early as May, 2004, that he was ineligible to run as a Democrat or as a Republican or to appear on the ballot as an unenrolled candidate, he inexplicably delayed filing his complaint until August 31, 2004, two weeks before the primary election. If the relief he seeks were granted now, it would seriously disrupt the general election.[2] Second, as the single justice explained, Del Gallo's reasons for switching parties go to the very heart of the statutes. Del Gallo attempted to run as a Republican to gain a tactical advantage in the election, specifically, to face a smaller field of opponents. This manipulation is precisely what the party loyalty and disaffiliation statutes are intended to prevent. In these circumstances, it was proper to deny relief on the equitable ground of estoppel.

*Judgment affirmed.*

*Rinaldo Del Gallo, III,* pro se.
*James J. Arguin,* Assistant Attorney General, for the defendants.

---

[2]The Attorney General informed us at oral argument that the ballots have been printed and have begun to be mailed to absentees.