Lauriat, Peter M., J.
John Merlino (“Merlino"), brought this action against the Town of Foxborough (“Foxborough”), four Foxborough police officers,[1] and the New England Patriots Limited Partnership, d/b/a New England Patriots (“New England Patriots”) (collectively “the defendants”), alleging claims of assault and battery, unlawful confinement, malicious prosecution, defamation of character, intentional infliction of emotional distress, negligent infliction of emotional distress, premises liability, and various civil rights violations. Attorney Douglas L. Fox (“Attorney Fox”), and his law firm Shumway, Giguere & Fox, P.C. (“the firm”), were retained to represent the defendants. This matter is before the court on Merlino’s motion to disqualify Attorney Fox and his firm.[2] For the following reasons, Merlino’s motion to disqualify counsel is denied.
FACTUAL BACKGROUND
The following facts are assumed to be true solely for purposes of Merlino’s motion to disqualify counsel.[3]
On September 3, 2000, Merlino attended a New England Patriots football game at Foxboro Stadium (“the Stadium”). On that same date, Foxborough Police Officers Kozak, Foscaldo, Taggart, and MacDonald (“the police officers”) were working at the Stadium. An altercation took place in the Stadium parking lot between John Kiefer and Luke Lomatire. Merlino, who was not involved in the altercation, was handcuffed and taken into custody by the police officers. While in custody, the police officers assaulted and battered Merlino. Merlino was ultimately transported from the Stadium by ambulance. Merlino was charged with disorderly conduct and resisting arrest. A trial took place in Wrentham District Court and a jury found Merlino not guilty of the charges. At this trial, the police officers falsely testified and defamed Merlino.
After the trial, Merlino continued to attend New England Patriots games. At each game, he was taunted, verbally harassed, followed and/or illegally detained and prevented from viewing the games for which he had valid tickets. On September 9, 2002, a no-trespassing order was issued by New England Patriots and the six season tickets issued to Merlino’s wife were revoked. In 2000 and at the present time, Merlino was the owner and proprietor of a limousine business that services the Stadium.
The police officers were hired by the New England Patriots to maintain security and crowd control at the Stadium. The defendants assert, and Merlino has not contested, that the defendants had an agreement by which the New England Patriots would indemnify Foxborough and the police officers. Accordingly, the defense of this action has been assumed, and all defense costs are being covered, by the New England Patriots and its insurer.
Merlino contends that Attorney Fox and the firm must be disqualified because of several alleged conflicts of interest.[4] Additionally, Merlino argues that Attorney Fox may be called to testify at trial and therefore should be disqualified under the Massachusetts Rules of Professional Conduct (“Rules of Professional Conduct”).[5]
DISCUSSION
“The disqualification of counsel from continued representation is a measure that courts have invoked in appropriate circumstances to prevent improper disclosure of clients’ confidences, or to ameliorate the effects of such disclosures where they have occurred. Disqualification of counsel as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose except when absolutely necessary.” Pietrewicz v. Board of Selectmen of the Town of Webster, Civil No. 950183 (Worcester Super. Ct. May 29, 1997) (Butler, J.) (citations and internal quotations omitted) [7 Mass. L. Rptr. 137]. In making its determination, a court must strike a balance between a client’s right to counsel of his or her choice and the attorney’s responsibilities to maintain professional standards and avoid the appearance of impropriely. Bays v. Theran, 418 Mass. 685, 686 (1994); Wellman v. Willis, 400 Mass. 494, 503 (1987).
In certain circumstances, an attorney may be prohibited from representing individual defendants and a municipality. See Edgartown v. State Ethics Commission, 391 Mass. 83, 90-91 (1984). In Edgartown, the Supreme Judicial Court (“SJC”) considered whether an attorney was properly disqualified from representing both individual defendants and a municipality in a “common defense effort on liability.” Id. The SJC affirmed the Superior Court’s determination that the attorney should be disqualified, id. at 90-91, noting that the attorney’s duties to the municipality did not include representation of private citizens. Id. at 85.
In Pietrewicz v. Board of Selectmen, Civil No. 950183 (Worcester Super. Ct. May 29, 1997) (Butler, J.) [7 Mass. L. Rptr. 137], the plaintiff brought an action against the Town of Webster (“the town”) and other individual defendants. The court, in denying the plaintiffs motion to disqualify counsel, emphasized that the town was obligated to indemnify the individual defendants unless it was determined that they acted outside the scope of their official duties.[6] In distinguishing Edgartown, the court stated that “unlike the attorney in Edgartown, the firm is not compensated by both the Town and the individual defendants. Rather, the firm receives one compensation for its defense of this action from the Town.”
In the present case, there are no conflicts of interest that necessitate the disqualification of Attorney Fox or the firm. Unlike the parties in Edgartown, but similar to the parties in Pietrewicz, the defendants here are subject to indemnification agreements. The individual police officers are indemnified by Foxborough because the incident involving Merlino occurred during the course of the police officers’ employment,[7] and *647 Foxborough is indemnified by the New England Patriots. All defense costs and any judgment, whether against Foxborough, the police officers, and/or the New England Patriots, will be paid by the New England Patriots. Unlike the defendants in Edgartown, the defendants in this case have ajoint interest in defending against Merlino’s action. Consequently, there is no a conflict of interest with Attorney Fox or the firm representing the individual defendants, Foxborough and the New England Patriots.[8]
ORDER
For the foregoing reasons, the Motion to Disqualify Counsel is DENIED.

Dan a J. Kozak (“Kozak”), David Foscaldo (“Foscaldo”), Scott Taggart (“Taggart”), and Edward MacDonald (“MacDonald”).

Merlino’s memorandum does not consistently identify Attorney Fox and the firm in arguing for disqualification. Nonetheless, this court will assume that he seeks to disqualify both Attorney Fox and the firm.

These facts are derived from the Pre-Trial Memorandum, submitted to this court on March 27, 2007. The defendants dispute nearly all of the asserted facts.

Specifically, Merlino claims that Attorney Fox has previously represented Foxboro Stadium Associates, L.P., which is a party to a lease with New England Patriots; that Attorney Fox represents individual defendants and a municipality; and that Attorney Fox and members of the firm have previously represented New England Patriots.

Merlino argues that Rule 3.7(a) of the Rules of Professional Conduct requires disqualification because Attorney Fox will be a “necessary witness” at trial. Specifically, Merlino intends to call Attorney Fox to testify about his previous representations of various clients, including Foxborough and Foxborough Stadium Associates, L.P. Merlino also argues that Attorney Fox will be required to testify about certain discovery-related matters. However, it is doubtful that any testimony regarding either of these subjects would be relevant or admissible.

The original order stated “(flor the foregoing reasons, it is hereby ORDERED that Charles Pietrewicz’s motion to disqualify Kopelman and Paige, P.C. is ALLOWED.” According to the case docket, three days after the original decision was issued, a corrected order stated that the motion to disqualify was denied.

At oral argument on this motion, Merlino’s counsel represented that at least one of the defendants he sued should be granted summary judgment. However, counsel was unwilling or unable to identify this defendant.

Merlino’s arguments concerning Rule 3.4 and 3.7(a) of the Rules of Professional Conduct are without merit. There is also no merit to Merlino’s argument that a conflict of interest exists as a result of Attorney Fox and the firm previously representing Stadium Associates, L.P. and the New England Patriots.